JUDGE HOLWELL

09 CIV 4418

RECEIVED
MAY 07 2009
U.S.D.C. S.D. N.Y.
CASHIERS

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP
14 Penn Plaza, Suite 500
New York, New York 10122
212-563-1710
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CERTAIN UNDERWRITERS AT LLOYDS OF
LONDON, ISSUING POLICY NOS.
509/DL458805 and 509/DL460005,

                       Plaintiff,

    vs.

ILLINOIS NATIONAL INSURANCE COMPANY,
INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA, CONTINENTAL CASUALTY
COMPANY, HARTFORD FIRE INSURANCE
COMPANY, TRAVELERS INSURANCE
COMPANY, GREAT AMERICAN ASSURANCE
COMPANY, ARCH INSURANCE COMPANY,

                   Defendants.

---

Docket No.: _____ CV_____

**COMPLAINT FOR
DECLARATORY JUDGMENT**

---

Plaintiff, Certain Underwriters at Lloyds of London, issuing Policy Nos. 509/DL458805 and 509/DL460005, by its attorneys, Schindel Farman, Lipsius, Gardner & Rabinovich LLP, for its complaint for declaratory relief, states:

## JURISDICTION

1.    Plaintiff Certain Underwriters at Lloyds of London ("Underwriters), are the underwriters and issuers of an Excess Liability Policy designated as Policy Nos. 509/DL458805 and 509/DL460005 (the "Policy"), issued to Goldman Sachs Headquarters, LLC ("Goldman Sachs").

2.      The individual underwriters comprising Underwriters are not citizens or residents of New York, Pennsylvania, Illinois, Connecticut, Ohio or Missouri.

3.      Upon information and belief, defendant Illinois National Insurance Co. ("Illinois National") is an Illinois company with its principal place of business in Illinois.

4.      Upon information and belief, Illinois National is a member of the American International Group ("AIG").

5.      Upon information and belief, defendant Insurance Co. of the State Of Pennsylvania ("ICSOP") is a Pennsylvania company with its principal place of business in New York.

6.      Upon information and belief, ICSOP is a member of the American International Group ("AIG").

7.      Upon information and belief, defendant Continental Casualty Company ("Continental") is an Illinois corporation with its principal place of business in Illinois.

8.      Upon information and belief, defendant Hartford Fire Insurance Company ("Hartford") is a Connecticut corporation with its principal place of business in Connecticut.

9.      Upon information and belief, defendant, The Travelers Property Casualty Company ("Travelers") is a Connecticut corporation with its principal place of business in Connecticut.

10.      Upon information and belief, defendant Great American Assurance Company ("Great American") is an Ohio Corporation with its principal place of business in Ohio.

11.      Upon information and belief, defendant Arch Insurance Company ("Arch") is a Missouri corporation with its principal place of business in New York.

12.    The amount in controversy exceeds, exclusive of costs and interest, the sum of $75,000.

13.    The jurisdiction of this Court is founded upon 28 U.S.C. §1332 and 28 U.S.C. §2201.

## THE ACCIDENT

14.    On December 14, 2007 Robert Woo was injured in an accident.

15.    Robert Woo, at the time of the accident, was an employee of Adamson Associates Architects ("Adamson Associates").

16.    The accident occurred at a job site within the City of New York where the Goldman Sachs Headquarters was being built (the "Job Site").

17.    Prior to the accident, Norbet Trucking, Inc. ("Norbet Trucking") brought a tractor-trailer rig to the Job Site.

18.    The tractor-trailer rig was loaded with metal studs.

19.    The tractor-trailer rig was driven to the Job Site by Wilbert Rocco.

20.    DCM Erectors, Inc. (DCM Erectors") operated a crane at the Job Site.

21.    At all relevant times, the crane was operated by Kevin McPaul, an employee of DCM Erectors.

22.    DCM Erectors was involved in unloading the metal studs from the tractor-trailer rig.

23.    Component Assembly Systems Inc. ("Component Assembly") was involved in unloading the metal studs from the tractor-trailer rig.

24.    The metal studs fell from the crane.

25.    The metal studs fell, causing injury to Robert Woo.

26.     The metal studs fell, causing injury to Wilbert Rocco.

**The Woo Lawsuit**

27.     Robert Woo commenced a lawsuit in the Supreme Court of the State of New York, captioned *Robert Woo and Melissa Mark v. Battery Park City Authority, Goldman Sachs Headquarters, LLC, Tishman Construction Corporation of New York, DCM Erectors, Inc. Component Assembly Systems, Inc., Total Safety Consulting, L.L.C., and Regional Scaffolding & Hoisting Co. Inc.,* Index No. 112631/08 (the "Woo Lawsuit").   A copy of that complaint is annexed as **Exhibit A.**

28.     The Woo Lawsuit alleges that DCM Erectors was negligent.

29.     The Woo Lawsuit alleges that Component Assembly was negligent.

30.     The Woo Lawsuit alleges that Tishman Construction Corporation of New York (Tishman") and Goldman Sachs are vicariously liable for the negligence of DCM Erectors and Component Assembly.

31.     Robert Woo has asserted a claim in excess of $20,000,000.

**The Rocco Claim**

32.     Wilbert Rocco has also alleged injuries resulting from the December 14, 2007 accident.  A copy of Wilbert Rocco's Notice of Claim is annexed as **Exhibit B.**

33.     Wilbert Rocco has asserted a claim in the amount of $5,000,000.

## THE PARTIES & POLICIES

**Underwriters' Excess Policy to Goldman Sachs**

34.     Plaintiff, Underwriters issued policy Nos. 509/DL458805 and 509/DL460005 to Goldman Sachs which was in force on December 14, 2007 (the "Underwriters Policy").  A copy of the declarations pages from the Underwriters Policy is annexed as **Exhibit C.**

**Illinois National General Liability Policy to Goldman Sachs**

35.    Illinois National issued No. 1790587 to Goldman Sachs with effective dates November 28, 2007 to November 28, 2008 (the "Illinois National Policy"). A copy of the declarations page from the Illinois National Policy is annexed as **Exhibit D.**

**ICSOP Primary Auto Policy to Norbet Trucking**

36.    The Insurance Co. of the State Of Pennsylvania ("ICSOP") issued policy No. TP009891744 to Norbet Trucking with effective dates March 31, 2007 to March 31, 2008 ("ICSOP Auto Policy").

37.    ICSOP was notified of the December 14, 2007 accident and the Woo claim in August, 2008.

38.    On February 11, 2009, ICSOP denied coverage under the ICSOP Auto Policy. A copy of that denial letter is annexed as **Exhibit E.**

**Continental Commercial Umbrella Policy to Norbet Trucking**

39.    Continental issued commercial umbrella policy No. 2077971186 providing excess coverage to Norbet Trucking for the policy period March 31, 2007 through July 1, 2009, with limits of $25,000,000 each incident ("Continental Umbrella Policy"). A copy of the declarations pages from the Continental Umbrella Policy is annexed as **Exhibit F.**

40.    The Continental Umbrella Policy includes a "Schedule of Underlying Insurance" which lists the ICSOP Auto Policy.

**Hartford Primary Auto Policy to DCM Erectors**

41.    Hartford issued Business Auto Liability policy No, 10 UENTE3521 ("Hartford Auto Policy") to DCM Erectors, with effective dates February 23, 2007 to February 23, 2008. A copy of the declarations page from the Hartford Auto Policy is annexed as **Exhibit G.**

42. On or before January 21, 2008, Hartford received notice of the December 14, 2007 accident and the Woo claim.

43. By letter dated January 21, 2008, Hartford denied coverage asserting that the accident "did not arise out of the ownership, maintenance or use of a covered 'auto' as defined in the policy." A copy of that denial letter is annexed as **Exhibit H.**

## Travelers Primary Auto Policy to Component Assembly

44. Travelers issued Commercial Automobile Policy No. VTJ-CAP-2396A700-TIL-07 to Component Assembly Systems ("Travelers Auto Policy") with effective dates April 1, 2007 to April 1, 2008. A copy of the declarations pages from the Travelers Commercial Auto Policy is annexed as **Exhibit I.**

45. On or before September 24, 2008, Travelers was notified of the Woo Lawsuit.

46. By letter dated January 5, 2009, Travelers denied coverage.

47. The only basis for denial of the claim was that "neither the truck nor the trailor (sic) are (sic) owned by Component Assembly Systems." A copy of that January 5, 2009 denial letter is annexed as **Exhibit J.**

## Great American Umbrella Policy to Component Assembly

48. Great American issued umbrella policy No. UMB9257140 ("Great American Umbrella Policy") providing excess coverage to Component Assembly Systems, Inc. for the policy period April 1, 2007 to April 1, 2008 with limits of $25,000,000 each occurrence. A copy of the declarations page and "Schedule of Underlying Insurance" from the Great American Umbrella Policy is annexed as **Exhibit K.**

49. The Great American Umbrella Policy's "Schedule of Underlying Insurance" lists the Travelers Auto Policy.

50.    On or before September 28, 2008, Great American was notified of the Woo Lawsuit.

51.    Great American denied coverage and has refused to participate in settlement of the Woo Lawsuit. *See* **Exhibit L.**

## Continental General Liability Policy to Adamson Associates

52.    Continental issued General Liability policy No. MPR2719692 ("Continental General Liability Policy") providing primary coverage to Adamson Associates Architects, for the policy period that includes December 14, 2007, with policy limits of $5,000,000 each incident. A copy of the Certificate of Insurance for the Continental General Liability Policy is annexed as **Exhibit M.**

53.    The Continental General Liability Policy affords primary coverage to Robert Woo's employer Adamson Associates.

54.    Goldman Sachs and Tishman are insureds pursuant to the terms of the Continental General Liability Policy.

55.    To date, Continental has neither affirmatively accepted nor denied coverage under the Continental General Liability Policy.

## Arch General Liability Policy to DCM Erectors

56.    Arch issued general liability policy No. DCP589202 to DCM Erectors for the policy year April 15, 2007 to October 15, 2008 ("Arch General Liability Policy"). A copy of the declarations page from the Arch General Liability Policy is annexed as **Exhibit N.**

57.    The Arch General Liability Policy affords coverage in the amount of $1,000,000.

58.    Arch denied coverage. A copy of that denial letter is annexed as **Exhibit O.**

**Arch Umbrella Policy to DCM Erectors**

59.     Arch issued Commercial Liability Umbrella policy No. ULP00005884-02 ("Arch Umbrella Policy") providing excess coverage to DCM Erectors for the policy period April 15, 2007 to October 15, 20008 with limits of $10,000,000 each occurrence.  A copy of the declarations page and "Schedule of Underlying Insurance" from the Arch Umbrella Policy is annexed as **Exhibit P.**

60.     The Arch Umbrella Policy includes a "Schedule of Underlying Insurance" which lists the Hartford Auto Policy and the Arch General Liability Policy.

## DISPUTES AND DEMAND FOR RELIEF

61.     A dispute exists among the insurers as to whether coverage is provided to DCM Erectors, Component Assembly, Goldman Sachs and/or Tishman under each of the policies.

62.     A dispute exists as to the priority of coverage among the policies and insurers.

63.     Illinois National provides coverage to DCM Erectors, Component Assembly, Goldman Sachs and Tishman for their liability, if any, to Robert Woo and Wilbert Rocco.

64.     ICSOP provides coverage to DCM Erectors, Component Assembly, Goldman Sachs and Tishman for their liability, if any, to Robert Woo and Wilbert Rocco.

65.     Continental provides coverage to DCM Erectors, Component Assembly, Goldman Sachs and Tishman for their liability, if any, to Robert Woo and Wilbert Rocco.

66.     Hartford provides coverage to DCM Erectors, Component Assembly, Goldman Sachs and Tishman for their liability, if any, to Robert Woo and Wilbert Rocco.

67.     Travelers provides coverage to DCM Erectors, Component Assembly, Goldman Sachs and Tishman for their liability, if any, to Robert Woo and Wilbert Rocco.

68. Great American provides coverage to DCM Erectors, Component Assembly, Goldman Sachs and Tishman for their liability, if any, to Robert Woo and Wilbert Rocco.

69. The coverage provided by Underwriters is excess over the coverage provided by Illinois National Policy, the ICSOP Auto Policy, the Hartford Auto Policy, the Travelers Auto Policy, the Arch General Liability Policy and the Continental General Liability Policy.

70. The coverage provided by Underwriters is co-excess with or excess over the coverage provided by the Continental Umbrella Policy, the Great American Umbrella Policy and the Arch Umbrella Policy.

**WHEREFORE**, Underwriters respectfully requests that this Court:

(1) Declare that all policies provide coverage for the liability of DCM Erectors, Component Assembly, Goldman Sachs and Tishman for their liability, if any, to Robert Woo and Wilbert Rocco;

(2) Determine the priority of coverage among the several policies;

(3) Award costs and legal fees to Underwriters;

(4) Grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 7, 2009

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP
Attorneys for Plaintiff
CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON ISSUING POLICY NOS.
509/DL458805 and 509/DL460005

By: _____
Ira S. Lipsius (ISL5704)
Lorienton N.A. Palmer (LP 3934)
14 Penn Plaza, Suite 500
New York, New York 10122
Telephone No.: (212) 563-1710
File No.: 4259.0001