# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

ROBERT WOO and MELISSA MARK,

Plaintiffs,

-against-

BATTERY PARK CITY AUTHORITY, GOLDMAN SACHS HEADQUARTERS LLC, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, DCM ERECTORS, INC., COMPONENT ASSEMBLY SYSTEMS, INC., TOTAL SAFETY CONSULTING, L.L.C., and REGIONAL SCAFFOLDING & HOISTING CO., INC.,

Defendants.

---------------------------------------------------------------X

Index No.: 112631/08
Date Filed: 9/16/08

SUMMONS

Plaintiffs designate New York County as the place of trial.

The basis of venue: Battery Park City Authority/ CPLR 505(a).

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
September 12, 2008

NEW YORK
COUNTY CLERK'S OFFICE
SEP 16 2008
NOT COMPARED
WITH COPY FILED

Yours etc.,
GAIR GAIR CONASON
STEIGMAN & MACKAUF
Attorneys for Plaintiffs

BEN B. RUBINOWITZ
80 Pine Street, 34th Floor
New York, New York 10005
(212) 943-1090

TO DEFENDANTS: See Attached Service List

SERVICE LIST

BATTERY PARK CITY AUTHORITY
1 World Financial Center
New York, NY 10281

GOLDMAN SACHS HEADQUARTERS LLC
New York State Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
New York State Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

DCM ERECTORS, INC.
New York State Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

COMPONENT ASSEMBLY SYSTEMS, INC.
New York State Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

TOTAL SAFETY CONSULTING, L.L.C.
New York State Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

REGIONAL SCAFFOLDING & HOISTING CO., INC.
New York State Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

ROBERT WOO and MELISSA MARK,

Plaintiff,

Index No.: 112631/08

-against-

VERIFIED COMPLAINT

BATTERY PARK CITY AUTHORITY, GOLDMAN SACHS HEADQUARTERS LLC, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, DCM ERECTORS, INC., COMPONENT ASSEMBLY SYSTEMS, INC., TOTAL SAFETY CONSULTING, L.L.C., and REGIONAL SCAFFOLDING & HOISTING CO., INC.,

Defendants.
--------------------------------------------------------------------X

NEW YORK
COUNTY CLERK'S OFFICE
SEP 16 2008
NOT COMPARED
WITH COPY FILED

Plaintiffs, complaining of defendants, by their attorneys, GAIR, GAIR, CONASON, STEIGMAN & MACKAUF, respectfully show to this Court and allege as follows:

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, ROBERT WOO

1. Upon information and belief, that at all times herein mentioned, the defendant, BATTERY PARK CITY AUTHORITY, was and still is a public authority duly organized and existing under and by virtue of the laws of the State of New York.

2. Within ninety (90) days after the claim herein arose, a Notice of Claim setting forth the name and post office address of the claimants and their attorneys; the nature of the claim; the time when, the place where, and the manner in which the claim arose, and the items of damage and injuries claimed to have been sustained so far as then practicable, was duly served upon defendant, BATTERY PARK CITY AUTHORITY.

3. At least thirty (30) days have elapsed since the service of the aforesaid Notice of

Claim on defendant, BATTERY PARK CITY AUTHORITY, and adjustment or payment thereof has been neglected or refused.

4. This action is being commenced within one year and ninety (90) days after the happening of the event upon which the claim is based.

5. Upon information and belief, that at all times herein mentioned, the defendant, GOLDMAN SACHS HEADQUARTERS LLC, was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

6. Upon information and belief, that at all times herein mentioned, the defendant, GOLDMAN SACHS HEADQUARTERS LLC, was licensed to do business in the State of New York with its principal place of business in the County of New York.

7. Upon information and belief, that at all times herein mentioned, the defendant, GOLDMAN SACHS HEADQUARTERS LLC, did business in the State of New York.

8. Upon information and belief, that at all times herein mentioned, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

9. Upon information and belief, that at all times herein mentioned, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was licensed to do business in the State of New York with its principal place of business in the County of New York.

10. Upon information and belief, that at all times herein mentioned, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, did business in the State of New York.

11. Upon information and belief, that at all times herein mentioned, the defendant,

DCM ERECTORS, INC., was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, that at all times herein mentioned, defendant, COMPONENT ASSEMBLY SYSTEMS, INC., was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Upon information and belief, that at all times herein mentioned, defendant, TOTAL SAFETY CONSULTING, L.L.C., was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

14. Upon information and belief, that at all times herein mentioned, defendant, REGIONAL SCAFFOLDING & HOISTING CO., INC., was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. Upon information and belief, on December 14, 2007, and for some time prior thereto, the defendant, BATTERY PARK CITY AUTHORITY, was the owner of a construction site located at 200 West Street between Vesey Street and Murray Street (formerly 200 Murray Street), New York, New York.

16. Upon information and belief, on December 14, 2007, and for some time prior thereto, the defendant, BATTERY PARK CITY AUTHORITY, was the owner of a building located at 200 West Street between Vesey Street and Murray Street (formerly 200 Murray Street), New York, New York that will be the future world headquarters of Goldman Sachs.

17. Upon information and belief, on December 14, 2007, and for some time prior thereto, the defendant, BATTERY PARK CITY AUTHORITY, was the lessor of a building

located at 200 West Street between Vesey Street and Murray Street (formerly 200 Murray Street), New York, New York that will be the future world headquarters of Goldman Sachs.

18. Upon information and belief, on December 14, 2007, and for some time prior thereto, the defendant, GOLDMAN SACHS HEADQUARTERS LLC, was the owner of a construction site located at 200 West Street between Vesey Street and Murray Street (formerly 200 Murray Street), New York, New York.

19. Upon information and belief, on December 14, 2007, and for some time prior thereto, the defendant, GOLDMAN SACHS HEADQUARTERS LLC, was the owner of a building under construction located at 200 West Street between Vesey Street and Murray Street (formerly 200 Murray Street), New York, New York, that will be the future world headquarters of Goldman Sachs.

20. Upon information and belief, on December 14, 2007, and for some time prior thereto, the defendant, GOLDMAN SACHS HEADQUARTERS LLC, was the lessee of a building under construction located at 200 West Street between Vesey Street and Murray Street (formerly 200 Murray Street), New York, New York that will be the future world headquarters of Goldman Sachs.

21. Upon information and belief, prior to December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, entered into a contract with the defendant, BATTERY PARK CITY AUTHORITY, to act as the general contractor at the aforementioned construction site.

22. Upon information and belief, prior to December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, entered into a contract with

the defendant, GOLDMAN SACHS HEADQUARTERS LLC, to act as the general contractor at the aforementioned construction site.

23. Upon information and belief, on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was the general contractor at the aforementioned construction site.

24. Upon information and belief, that on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was acting as the general contractor at the aforementioned construction site.

25. Upon information and belief, that on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was acting as the general contractor at the aforementioned construction site pursuant to the aforementioned contract with the defendant, BATTERY PARK CITY AUTHORITY.

26. Upon information and belief, that on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was acting as the general contractor at the aforementioned construction site pursuant to the aforementioned contract with the defendant, GOLDMAN SACHS HEADQUARTERS LLC.

27. Upon information and belief, prior to December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, entered into a contract with the defendant, BATTERY PARK CITY AUTHORITY, to act as the construction manager at the aforementioned construction site.

28. Upon information and belief, prior to December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, entered into a contract with

the defendant, GOLDMAN SACHS HEADQUARTERS LLC, to act as the construction manager at the aforementioned construction site.

29. Upon information and belief, on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was the construction manager at the aforementioned construction site.

30. Upon information and belief, on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was acting as the construction manager at the aforementioned construction site.

31. Upon information and belief, that on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was acting as the construction manager at the aforesaid construction site pursuant to the aforementioned contract with the defendant, BATTERY PARK CITY AUTHORITY.

32. Upon information and belief, that on December 14, 2007, the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, was acting as the construction manager at the aforesaid construction site pursuant to the aforementioned contract with the defendant, GOLDMAN SACHS HEADQUARTERS LLC.

33. Upon information and belief, prior to December 14, 2007, the defendant, DCM ERECTORS, INC., entered into a contract to perform certain construction work at the aforesaid construction site with defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, including hoisting construction materials with slings.

34. Upon information and belief, prior to December 14, 2007, the defendant, DCM ERECTORS, INC., entered into a contract to perform certain construction work at the aforesaid

construction site with defendant, GOLDMAN SACHS HEADQUARTERS LLC, including hoisting construction materials with slings.

35. Upon information and belief, on December 14, 2007, defendant DCM ERECTORS, INC., its agents, servants and employees were performing construction work at the aforesaid construction site.

36. Upon information and belief, on December 14, 2007, defendant DCM ERECTORS, INC., its agents, servants and employees were performing construction work at the aforesaid construction site pursuant to its contract with the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK.

37. Upon information and belief, on December 14, 2007, defendant DCM ERECTORS, INC., its agents, servants and employees were performing construction work at the aforesaid construction site pursuant to its contract with the defendant, GOLDMAN SACHS HEADQUARTERS LLC.

38. Upon information and belief, prior to December 14, 2007, the defendant, COMPONENT ASSEMBLY SYSTEMS, INC., entered into a contract to perform certain construction work at the aforesaid construction site with defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, including the erection of dry wall.

39. Upon information and belief, prior to December 14, 2007, the defendant, COMPONENT ASSEMBLY SYSTEMS, INC., entered into a contract to perform certain construction work at the aforesaid construction site with defendant, GOLDMAN SACHS HEADQUARTERS LLC, including the erection of dry wall.

40. Upon information and belief, on December 14, 2007, defendant, COMPONENT

ASSEMBLY SYSTEMS, INC., its agents, servants and employees were performing construction work at the aforesaid construction site.

41. Upon information and belief, on December 14, 2007, defendant COMPONENT ASSEMBLY SYSTEMS, INC., its agents, servants and employees were performing construction work at the aforesaid construction site pursuant to its contract with the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK.

42. Upon information and belief, on December 14, 2007, defendant COMPONENT ASSEMBLY SYSTEMS, INC., its agents, servants and employees were performing construction work at the aforesaid construction site pursuant to its contract with the defendant, GOLDMAN SACHS HEADQUARTERS LLC.

43. Upon information and belief, prior to December 14, 2007, the defendant, TOTAL SAFETY CONSULTING, L.L.C., entered into a contract to perform certain work at the aforesaid construction site with defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, including site safety management.

44. Upon information and belief, prior to December 14, 2007, the defendant, TOTAL SAFETY CONSULTING, L.L.C., entered into a contract to perform certain work at the aforesaid construction site with defendant, GOLDMAN SACHS HEADQUARTERS LLC, including site safety management.

45. Upon information and belief, on December 14, 2007, the defendant, TOTAL SAFETY CONSULTING, L.L.C., its agents, servants and employees were performing site safety management at the aforesaid construction site.

46. Upon information and belief, on December 14, 2007, the defendant, TOTAL

SAFETY CONSULTING, L.L.C., its agents, servants and employees were performing work at the aforesaid construction site pursuant to its contract with the defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK.

47. Upon information and belief, on December 14, 2007, the defendant, TOTAL SAFETY CONSULTING, L.L.C., its agents, servants and employees were performing work at the aforesaid construction site pursuant to its contract with the defendant, GOLDMAN SACHS HEADQUARTERS LLC.

48. Upon information and belief, prior to December 14, 2007, the defendant, REGIONAL SCAFFOLDING & HOISTING CO., INC., entered into a contract to perform certain construction work at the aforesaid construction site with defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, including the erection of a sidewalk shed.

49. Upon information and belief, prior to December 14, 2007, the defendant, REGIONAL SCAFFOLDING & HOISTING CO., INC., entered into a contract to perform certain construction work at the aforesaid construction site with defendant, GOLDMAN SACHS HEADQUARTERS LLC, including the erection of a sidewalk shed.

50. Upon information and belief, on December 14, 2007, defendant, REGIONAL SCAFFOLDING & HOISTING CO., INC., its agents, servants and employees were performing construction work at the aforesaid construction site.

51. Upon information and belief, on December 14, 2007, defendant REGIONAL SCAFFOLDING & HOISTING CO., INC., its agents, servants and employees were performing construction work at the aforesaid construction site pursuant to its contract with the defendant,

TISHMAN CONSTRUCTION CORPORATION OF NEW YORK.

52. Upon information and belief, on December 14, 2007, defendant REGIONAL SCAFFOLDING & HOISTING CO., INC., its agents, servants and employees were performing construction work at the aforesaid construction site pursuant to its contract with the defendant, GOLDMAN SACHS HEADQUARTERS LLC.

53. On December 14, 2007 the plaintiff, ROBERT WOO, was an on-site architect employed by Adamson Associates Architects.

54. On December 14, 2007, the plaintiff, ROBERT WOO, was working at the aforementioned construction site pursuant to his employment by Adamson Associates Architects.

55. Upon information and belief, on December 14, 2007, and prior thereto, the plaintiff, ROBERT WOO, was working as an on-site architect in an office inside a trailer placed on top of the aforesaid sidewalk shed on the construction site at the direction of defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK.

56. Upon information and belief, on December 14, 2007, and prior thereto, the plaintiff, ROBERT WOO, was working as an on-site architect in an office inside a trailer placed on top of the aforesaid sidewalk shed on the construction site at the direction of defendant, GOLDMAN SACHS HEADQUARTERS LLC.

57. On December 14, 2007, the plaintiff, ROBERT WOO, while working inside the trailer at the aforementioned construction site, was caused to sustain severe injuries when a sling hoisting construction materials failed causing the construction materials to fall and crush the trailer and plaintiff.

58. The aforementioned occurrence was due to the negligence of the defendants, their

agents, servants and employees, in causing, suffering, permitting and allowing the aforementioned construction site to be operated in a dangerous and unsafe manner; in negligently maintaining, managing, possessing, operating, supervising and controlling the aforementioned construction site, in particular, the area of the construction site where the construction materials were hoisted and fell and where plaintiff's trailer was located; in failing to construct, equip, arrange, operate and conduct the operations at the construction site so as to provide reasonable and adequate protection for the safety of the plaintiff; in maintaining the construction site in a dangerous, defective, hazardous and unsafe condition; in failing to properly supervise the construction site; in failing to do routine inspections of the construction site; in failing to inspect and/or do routine inspections of the sling; in failing to warn or apprise persons working on and around the site that it was in a dangerous, hazardous, unsafe and improper condition; in failing to rectify, abate or alleviate the aforesaid dangerous, defective, hazardous and unsafe condition; in causing, permitting and allowing unsafe hoisting conditions; in providing and using a defective, weak and worn sling which was dangerous, hazardous, inadequate and unsafe for the foreseeable use for which it was provided; in causing, permitting and allowing a dangerous, hazardous and unsafe condition in using an old, damaged, worn and/or frayed sling to be used despite actual and/or constructive notice thereof; in failing to rectify the dangerous and hazardous condition despite notice thereof; in failing to provide proper and safe equipment, including a sling; in failing to have safety devices which would prevent construction materials from falling on plaintiff and other workers; in failing to properly supervise the hoisting operations and the use of the sling; in failing to properly train, instruct and supervise the crane operator(s) hoisting the sling in the use of the crane and sling and in the selection, inspection, cautions to personnel,

effects of the environment and rigging practices with respect to the crane and sling; in failing to properly, adequately and safely use, rig, load, inspect, maintain, repair and remove the sling; in failing to properly and adequately train, instruct, teach and supervise the crane operator(s) how to safely use, rig, load, inspect, maintain, repair and remove the sling; in negligently and carelessly loading the sling; in negligently and carelessly using a sling that was not safe and adequate for its purposes and posed a danger to the safety of plaintiff and others; in failing and omitting to provide the plaintiff with a safe and proper place to work; in directing the plaintiff to work in an area that was dangerous and hazardous in that active hoisting was taking place above plaintiff; in causing, permitting and allowing said area to become and remain in a dangerous, defective, hazardous and unsafe condition; in causing, permitting and allowing the trailer in which plaintiff was working to be placed on top of a sidewalk shed and beneath active hoisting of construction materials; in failing to place the plaintiff's trailer in a safe location to provide safety to the plaintiff; in failing to provide reasonable and adequate protection for the lives, health and safety of the plaintiff; and in otherwise being careless and negligent. The plaintiff will also rely on the doctrine of Res Ipsa Loquitur.

59. By reason of the foregoing, the plaintiff, ROBERT WOO, sustained severe injuries to his head, limbs and body, including, but not limited to, severe and permanent spinal cord injury, severe damage to the thoracic spinal cord, paraplegia, fractured sternum and ribs, pneumothorax, permanent nerve damage, a severe shock to his nervous system, certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some or all of these injuries are of a permanent and lasting nature; that the plaintiff has been caused to be confined to hospital, bed and home as a

result thereof; that the plaintiff has been caused to expend or has become obligated to expend certain sums of money for medical expenses and medicines; and has been caused to abstain from the duties of his vocation.

60. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

61. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including, but not limited to 1602(7) and 1602(8) on the ground that defendants acted with reckless disregard for the safety of others.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, ROBERT WOO

62. The plaintiff, ROBERT WOO, repeats, reiterates and realleges each and every paragraph of this Complaint marked and designated "1" through "61", inclusive, with the same force and effect as if hereinafter set forth more fully at length herein.

63. The foregoing occurrence constituted a breach and violation by the defendants of sections 200, 240 and 241(6) of New York's Labor Law and in violating the applicable provisions of the Industrial Code and the rules and regulations promulgated thereunder, including, but not limited to sections 23-1.5(c)(1); 23-1.5(c)(2); 23-1.5(c)(3); 23-1.7; 23-8.1(a); 23-8.1(e)(1); 23-8.1(e)(3); 23-8.1(f)(1)(ii); 23-8.1(f)(1)(iii); 23-8.1(f)(1)(iv; 23-8.1(f)(1)(v); 23-8.1(f)(ii)(6); 23-8.2(c)(1); 23-8.2(c)(2); 23-8.2(c)(3); 23-8.2(d)(2).

64. By reason of the foregoing, the defendants are absolutely and strictly liable to plaintiff, ROBERT WOO.

65. By reason of the foregoing, the plaintiff, ROBERT WOO, sustained severe

injuries to his head, limbs and body, including, but not limited to, severe and permanent spinal cord injury, severe damage to the thoracic spinal cord, paraplegia, fractured sternum and ribs, pneumothorax, permanent nerve damage, a severe shock to his nervous system, certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief, some or all of these injuries are of a permanent and lasting nature; that the plaintiff has been caused to be confined to hospital, bed and home as a result thereof; that the plaintiff has been caused to expend or has become obligated to expend certain sums of money for medical expenses and medicines; and has been caused to abstain from the duties of his vocation.

66. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

67. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including, but not limited to 1602(7) and 1602(8) on the ground that defendants acted with reckless disregard for the safety of others.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, MELISSA MARK

68. The plaintiff, MELISSA MARK, repeats, reiterates and realleges each and every paragraph of this Complaint marked and designated "1" through "67", inclusive, with the same force and effect as if hereinafter set forth more fully at length herein.

69. That prior to the commencement of this action, and on the date of this occurrence, the plaintiff, MELISSA MARK, was and still is the wife of the plaintiff, ROBERT WOO.

70. By reason of the foregoing, the plaintiff, MELISSA MARK, the wife of plaintiff, ROBERT WOO, has been deprived of the aid, companionship, company, society, comfort and

services of her husband, and has suffered loss of consortium, having been deprived of the rights and interests which have accrued by reason of her said marriage and the continuation of said marital relationship, including those of conjugal fellowship, sexual fulfillment, support, aid, companionship, company, society, affection, comfort, services and cooperation.

71. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

72. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including, but not limited to 1602(7) on the ground that defendants acted with reckless disregard for the safety of others.

WHEREFORE, the plaintiffs demand judgment against the defendants in the first, second and third causes of action, together with the interest, costs and disbursements of this action.

Dated: New York, New York
September 12, 2008

Yours etc.,

GAIR, GAIR, CONASON,
STEIGMAN & MACKAUF
Attorneys for Plaintiffs

BEN B. RUBINOWITZ
80 Pine Street, 34th Floor
New York, New York 10005
(212) 943-1090

VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

ROBERT WOO, being duly sworn, deposes and says:

I am the plaintiff in the within action; I have read the foregoing:

VERIFIED COMPLAINT

and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

ROBERT WOO

Sworn to before me this
16 th day of September, 2008

Notary Public

CAROLINE MONTESDEOCA
Notary Public, State of New York
No. 01MO6005323
Certificate Filed in Queens County
Commission Expires April 13, 2010

# EXHIBIT B

In the Matter of the Claim of

**WILBERT ROCCO**

**NOTICE OF CLAIM**

Claimant,

-against-

**BATTERY PARK CITY AUTHORITY,**

Respondents.

TO: **BATTERY PARK CITY AUTHORITY**
1 World Financial Center
New York, New York 10007

PLEASE TAKE NOTICE, that demand is made for the claimant herein against BATTERY PARK CITY AUTHORITY as follows:

1. **CLAIMANTS:**

WILBERT ROCCO
26 Duke Street
Kearny, NJ 07032

**ATTORNEYS:**

GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP.
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

2. **THE NATURE OF CLAIM:**

Action for personal injuries and permanent loss of health, disability, hospital and medical and related-expenses, pain and suffering and loss of enjoyment of living of the claimant, **WILBERT ROCCO**, resulting from the negligence, carelessness and recklessness of **BATTERY PARK CITY AUTHORITY**, through its agents, servants, employees, contractors, managers and/or licenses in the ownership maintenance, operation and control of the premises described herein below.

3. **THE TIME WHEN, THE PLACE WHERE AND THE MANNER IN WHICH THE CLAIM AROSE:**

In summary, the accident occurred on December 14, 2007 at the construction site located at 200 Murray Street, in the City, State and County of New York, while the plaintiff, **WILBERT ROCCO**, was at the aforesaid premises when he was operating trailer carrying seventeen tons of steel studs on the back of the flat bed trailer. The seventeen ton load was removed by a crane when

the straps broke and the seventeen tons fell on the flat bed of the trailer violently tossing the plaintiff, **WILBERT ROCCO** inside of the cab of the trailer.

4. **THE INJURIES AND DAMAGES CLAIMED:**

The claimant, **WILBERT ROCCO**, sustained severe back injuries including undergoing three surgical procedures, the third procedure to fuse his spinal column, ongoing expenses for hospital and medical expenses; psychological injuries and loss of enjoyment of living, loss earnings and other related expenses all permanent in nature and effect.

As to the **BATTERY PARK CITY AUTHORITY** said claim and demand is hereby presented for adjustment and payment.

**PLEASE TAKE FURTHER NOTICE**, that by reason of the premises, in default of **BATTERY PARK CITY AUTHORITY** to pay to the Claimant the following sums:

**FIVE MILLION ($5,000,000.00) DOLLARS** for personal injuries, within the time limited for compliance with this demand by the said **BATTERY PARK CITY AUTHORITY** by the statutes in such cases made and provided, Claimant intends to commence an action against **BATTERY PARK CITY AUTHORITY** to recover said sums totaling **FIVE MILLION ($5,000,000.00) DOLLARS**, together with punitive damages as may be permitted under State and Federal Law and the costs, interests and disbursements of this action.

Dated: West Orange, New Jersey
September 18, 2008

(SEE NEXT PAGE FOR SIGNATURE)
**WILBERT ROCCO**

The undersigned claimants therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimants intend to commence an action to this claim.

Dated: West Orange, New Jersey
September 18, 2008

WILBERT ROCCO

**GINARTE, O'DWYER GONZALEZ & WINOGRAD, LLP**
Attorneys for Claimant(s)
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

**VERIFICATION**

STATE OF NEW JERSEY )
) ss:
COUNTY OF ESSEX )

**WILBERT ROCCO**, being duly sworn, deposes and says that I am the claimant in the within action; that I have read the foregoing Notice of Claim and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

WILBERT ROCCO

Sworn to me before me this
18TH day of September 2008

Notary Public

EVETTE C. CASTOIRE
Notary Public of New Jersey
My Commission Expires Jan. 14, 2010

# EXHIBIT C

# DECLARATIONS

Item 1.

(a) Name and Address of the Named Insured:

**Goldman Sachs Headquarters LLC**
**85 Broad Street**
**New York, NY 10004, USA**

(b) Construction Project Site(s):

**Site 26, Battery Park City, in New York City**

Item 2. Underlying Insurance(s):-

(a) "Bodily Injury", "Personal Injury", and/or "Property Damage" except where a separate amount is specifically shown in (b) below or is added by endorsement,

any one "Occurrence" without aggregate: **See Endorsement No. 1**

or annual aggregate: **See Endorsement No. 1**

(b) "Employers Liability"

any one "Occurrence" without aggregate: **See Endorsement No. 1**

Item 3. Self Insured Retention in respect of each "Occurrence":- **USD 500,000**

Item 4. Limits of Liability:

a) Limit in respect of each "Occurrence" which is always subject to b) below:- **USD 25,000,000**

b) Aggregate limit separately in respect of:

(i) "Products Liability" and "Completed Operations Liability" combined:- **USD 25,000,000**
(ii) All other coverages combined: **USD 25,000,000**

M 15/3/7.

Item 5. Policy Period in respect of the "Construction Project Site": -

a) Inception date: **28th November, 2005**

b) Expiry date of construction **28th November, 2010**

c) "Products Liability" and "Completed Operations Liability" combined Period: **60 Months**

Item 6. Currency:-

Premiums and Indemnity payments: **United States Dollars**

Item 7. Premium:-

a) **Minimum and Deposit** **USD 3,362,500 (100%)**

b) Payable on (dates):- **28th November, 2005**

Item 8. Payment of Premium to: -

**Marsh USA Inc.**
**1166 Avenue of the Americas**
**New York, NY 10036-2774, USA**

Item 9. Indemnity Payments to:-

**Goldman Sachs Headquarters LLC**
**85 Broad Street**
**New York, NY 10004, USA**

Item 10. Service of Suit:-

**Mendes & Mount LLP**
**750 Seventh Avenue, New York, 10019-6829, USA and/or their nominees**

Item 11. Notice of Occurrence:-

**Marsh USA Inc.**
**1166 Avenue of the Americas**
**New York, NY 10036-2774, USA**

ATTACHING TO AND FORMING PART OF POLICY NO. 509/DL455805

ENDORSEMENT NO. 1

**UNDERLYING INSURANCES**

Item 2 of the Declarations shall read as follows:

Item 2. Underlying Insurance(s):-

(a) "Bodily Injury", "Personal Injury", and/or "Property Damage" except where a separate amount is specifically shown in (b) below or is added by endorsement,

| | |
|---|---|
| any one "Occurrence": | **USD 2,000,000** |
| aggregate for "Products Liability" and "Completed Operations Liability" Combined: | **USD 4,000,000** |
| annual aggregate for all other coverages combined: | **USD 4,000,000** |

(b) "Employers Liability"

| | |
|---|---|
| "Bodily Injury"/Each Accident: | **USD 1,000,000** |
| "Bodily Injury"/Disease each employee: | **USD 1,000,000** |
| "Bodily Injury"/Disease in the aggregate: | **USD 1,000,000** |

All other terms of this Policy otherwise remain unchanged.

M 1/5/7

# EXHIBIT D

CG DS 01 10 01

Policy No. GL 161-70-91
Renewal of No. 1790587

AIG AMERICAN INTERNATIONAL COMPANIES®
70 Pine Street, New York, NY 10270
(212) 770-7000

Coverage is provided by
**ILLINOIS NATIONAL INSURANCE CO**
(a capital stock company)

# COMMERCIAL GENERAL LIABILITY DECLARATIONS

**NAMED INSURED & MAILING ADDRESS**
GOLDMAN SACHS & CO. INC
85 BROAD ST
NEW YORK, NY 10004

**PRODUCER'S NAME & MAILING ADDRESS**
MARSH USA, INC.
1166 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-3712

**POLICY PERIOD:** From 11/28/2007 to 11/28/2008 at 12:01 A.M. Standard Time at your mailing address shown above.

**FORM OF BUSINESS:**

☒ CORPORATION ☐ PARTNERSHIP ☐ LIMITED LIABILITY COMPANY ☐ INDIVIDUAL ☐ OTHER

**BUSINESS DESCRIPTION:** WRAP-UP/CONSTRUCTION

**LOCATION OF ALL PREMISES YOU OWN, RENT OR OCCUPY: ON FILE WITH COMPANY**

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**POLICY PREMIUM:*** $4,295,141
**PREMIUM SHOWN IS PAYABLE:** $1,073,786 **at inception.**

*This policy is subject to annual audit.

**Premium for Certified Acts of Terrorism Coverage Under Terrorism Risk Insurance Act 2002:**
$57,609 Included In Policy Premium

**SCHEDULE OF STATE TAXES, FEES AND SURCHARGES, IF APPLICABLE:****

**State Taxes, Fees and Surcharges shown are in addition to the above referenced Policy Premium.
**State Taxes, Fees and Surcharges are not applicable in the state of New York.

**ENDORSEMENTS ATTACHED TO THIS POLICY: SEE ATTACHED FORMS SCHEDULE**

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORMS, AND ENDORSEMENTS IF ANY ISSUED TO FORM A PART THEREOF COMPLETE THE ABOVE NUMBERED POLICY.

Date Issued: 11/08/2007



*Archive Copy*

Includes copyrighted material of Insurance Services Office,Inc., with its permission. © ISO Properties, Inc., 2000

**LIMITS OF INSURANCE**

| | | |
|---|---|---|
| EACH OCCURRENCE LIMIT | $2,000,000 | |
| DAMAGE TO PREMISES RENTED TO YOU LIMIT | $100,000 | Any one premise |
| MEDICAL EXPENSE LIMIT | $5,000 | Any one person |
| PERSONAL & ADVERTISING INJURY LIMIT | $2,000,000 | Any one person or organization |
| GENERAL AGGREGATE LIMIT | $4,000,000 | |
| PRODUCTS/COMPLETED OPERATIONS AGGREGATE LIMIT | $4,000,000 | |

**RETROACTIVE DATE (CG 00 02 ONLY)**

THIS INSURANCE DOES NOT APPLY TO "BODILY INJURY", "PROPERTY DAMAGE" OR "PERSONAL AND ADVERTISING INJURY" WHICH OCCURS BEFORE THE RETROACTIVE DATE, IF ANY, SHOWN BELOW.

RETROACTIVE DATE: Not Applicable
(ENTER DATE OR "NONE" IF NO RETROACTIVE DATE APPLIES.)

**CLASSIFICATION AND PREMIUM**

| CLASSIFICATION | CODE NO. | PREMIUM BASE | RATE Prem/Ops | RATE Prod/comp Ops | ADVANCE PREMIUM Prem/Ops | ADVANCE PREMIUM Prod/comp Ops |
|---|---|---|---|---|---|---|
| SEE COMPOSITE RATE ENDORSEMENT | | | | | | |
| | | | | | Total: | $4,295,141 |

A = AREA
C = TOTAL COST
M = ADMISSIONS
O = TOTAL OPERATING EXPENSES
P = PAYROLL
S = GROSS SALES
T = OTHER
U = UNITS (EACH)



*Archive Copy*
Includes copyrighted material of Insurance Services Office,Inc., with its permission. © ISO Properties, Inc., 2000

# EXHIBIT E



**AIG Claim Services, Inc.®**
***Property and Casualty Division***
P.O. Box 2970
Alpharetta, GA 30023-2970
770.870.2000 / 1.800.242.2418
770.870.2008 (Fax)

February 11, 2009

***SENT VIA FACSIMILE (212) 695-6602 AND CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

Ira S. Lipsius, Esquire
Schindel, Farmer, Lipsius, Gardnek & Rabinovich, LLP
Attorneys at Law
14 Penn Plaza, Ste. 500
New York, NY 10122

**RE: Robert Woo and Melissa Mark, Plaintiffs adv. Battery Park City Authority et al**
**Supreme Court of the State of New York, County of New York**
**Index No.: 11263/08**

Insured: Norbet Trucking Corporation
Date of Loss: December 14, 2007
Claim No: 683-188069
Policy No.: TP009896744

Mr. Lipsius:

The purpose of this letter is to advise you of our position regarding insurance coverage as it relates to the above styled lawsuit. The purpose of this letter is to advise you of our position regarding insurance coverage as it relates to the claims filed by Robert Woo and Melissa Marks against Battery Park City Authority, Goldman Sachs Headquarters, LLC, Tishman Construction Corporation of New York, DCM Erectors, Inc., Component Assembly Systems, Inc., Total Safety Consulting, LLC and Regional Scaffolding & Hoisting Co., Inc. This is to inform you that under the terms of the insurance policy referred to above, there is no coverage for Component Assembly Systems, Inc. (hereinafter "CAS") or DCM Erectors, Inc. (hereinafter "DCM") or for that matter any other party currently named as a defendant in the Woo matter.

AIG Claim Services, Inc. is the authorized representative for the Insurance Company of the State of Pennsylvania, (hereafter referred to as "The Company"), who issued a Trucker's Liability insurance policy to Norbet Trucking Corporation (hereinafter referred to as "Norbet"), under policy number TP9896744 01 , with effective dates of March 31, 2007 to March 31, 2008 (hereafter referred to as "the policy").

In considering your request for coverage , we have carefully reviewed the insurance policy referenced above, as well as the allegations asserted in the Woo matter. No other policies were considered. If you assert a right to coverage under another policy issued by The Company or other member companies of American International Group, Inc., please submit notice pursuant to the notice provisions contained in that policy or direct such notice to the undersigned and I shall forward it to the proper claims handling unit for response.

The basis for our coverage determination is set forth below.

**The Insurance Policy**

Please refer to Section II – Liability Coverage of the policy, which addresses the Insurance Agreement relating to Bodily Injury and Property Damages Liability, and specifies Who Is An Insured, which provides in pertinent part as follows:

A. Coverage
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property Damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance use of a covered "auto"…" We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply...Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. Who Is An Insured
The following are "insureds":

a. You for any covered "auto";
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
   (1) The owner or anyone else from whom you hire or borrow a covered "private passenger type auto".
   (2) Your "employee" or agent if the covered "auto" is a "private passenger type auto" and is owned by that "employee" or agent or a member of his or her household.
   (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
   (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
   (5) A partner of yours for a covered "private passenger type auto" owned by him or her or a member of his or her household.

. . .

d. The owner or anyone else from whom you hire or borrow a covered "auto" that is not a "trailer" while the covered "auto":
   (1) Is being used exclusively in your business as a "trucker"; and
   (2) Is being used pursuant to operating rights granted to you by a public authority.
e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**The Insurance Company's Position**

The above insuring agreement clearly limits the coverage provided by the policy to persons or entities who qualify as an insured on the policy. Neither CAS or DCM are insureds under the policy. The policy therefore

provides no coverage to CAS or DCM for the claims asserted in the Woo matter, and the Company hereby disclaims coverage to CAS and DCM under the policy.

Based upon the information presented, and the policy terms and provisions, we must disclaim coverage for the claims presented. This letter is not intended to be exhaustive or exclusive, but under the circumstances and facts as outlined in this letter, and in light of the various definitions, exclusions and conditions contained within the policy, we must respectfully advise you that AIGCS on behalf of the Company will not provide either CAS or DCM with a defense with regard to lawsuit filed by Robert Woo and Melissa Mark. The Company also will not indemnify either CAS or DCM for any settlement, verdict or judgment that may result from this lawsuit.

Should you have any additional information that you feel would either cause us to change our position or would assist us in our determination, we ask that you advise us as soon as possible. Also, if any additional developments occur, or if you are in receipt of any other information, which leads you to conclude that our disclaimer of coverage is invalid, incorrect, or improper, then please contact me immediately. If you are served with any additional demands or amended complaints or pleadings, please forward them to us immediately, since they could change our analysis of coverage.

Unless we hear from you to the contrary, we will be taking no further action on this claim.

Thank you for your cooperation in this matter. Please feel free to contact me at anytime should you have any questions.

Very truly yours,

Mark L. Senterfeit, ARM
Casualty Complex Director
(678)320-1273

# EXHIBIT F

CNA

Commercial Umbrella

Renewal Declaration

**POLICY NUMBER**
L 2077971186

**COVERAGE PROVIDED BY**
CONTINENTAL CASUALTY COMPANY
333 S. WABASH
CHICAGO, IL. 60604

**FROM - POLICY PERIOD - TO**
03/31/2007 07/01/2008

**INSURED NAME AND ADDRESS**
WARE INDUSTRIES, INC.
C/O MARINO WARE, 400 METUCHEN ROAD
SOUTH PLAINFIELD, NJ 07080

**AGENCY NUMBER**
012378

**AGENCY NAME AND ADDRESS**
COMMERCE INSURANCE SERVICES, INC.
1701 ROUTE 70 E.
P O BOX 2060
CHERRY HILL, NJ 08034
Phone Number: (856)489-7000

**BRANCH NUMBER**
190

**BRANCH NAME AND ADDRESS**
NEW JERSEY BRANCH
4 CENTURY DRIVE STE. 202
PARSIPPANY, NJ 07054
Phone Number: (973)540-3600

This policy becomes effective and expires at 12:01 A.M. standard time at your mailing address on the dates shown above.

The Named Insured is a Corporation.

Your policy is composed of this Declarations, with the attached Coverage Forms, and Endorsements if any. The Policy Forms and Endorsement Schedule shows all forms applicable to this policy at the time of policy issuance.

**POLICY TERM PREMIUM**

| Premium Basis | Estimated Exposure | Rate | Estimated Advance Premium |
|---|---|---|---|
| Flat Charge | | | $418,503 |

Minimum Premium: $0 Policy Term Total Advance Premium: $418,503.00

New Jersey Surcharge $7,323.80

Total Policy Charges $425,826.80

INSURED

POLICY NUMBER
L 2077971186

WARE INDUSTRIES, INC.
C/O MARINO WARE, 400 METUCHEN ROAD
SOUTH PLAINFIELD, NJ 07080

Your Premium includes the following amount for Certified Acts of Terrorism Coverage $4,185.00

Audit Period is Not Auditable

POLICY NUMBER
L 2077971186

WARE INDUSTRIES, INC.
C/O MARINO WARE, 400 METUCHEN ROAD
SOUTH PLAINFIELD, NJ 07080

**POLICY LIMITS OF INSURANCE**

Each Incident: $25,000,000 Aggregate: $25,000,000

**RETAINED LIMIT**

Retained Limit: $10,000

**SCHEDULE OF UNDERLYING INSURANCE**

| Underlying Insurer<br>Policy Number<br>Policy Period | Underlying Insurance | Coverages | Limits of Insurance |
|---|---|---|---|
| Hartford Fire Insurance<br><br>13ECSOA8254<br><br>Eff: 03/31/2007 to 03/31/2008 | General Liability | Each Occurrence Limit<br><br>General Aggregate Limit<br>Doesn't apply per location<br>Doesn't apply per project<br><br>Products/Completed Operations Aggregate Limit<br><br>Personal and Advertising Injury Liability Limit | $1,000,000<br><br>$2,000,000<br><br><br><br>$2,000,000<br><br>$1,000,000 |
| Insurance Co of the State of PA<br><br>TP9896438<br><br>Eff: 03/31/2007 to 03/31/2008 | Automobile Liability | Combined Bodily Injury and Property Damage Liability:<br>Each Accident Limit<br>------------or------------<br>Bodily Injury Liability:<br>Each Person Limit<br>Each Accident Limit<br><br>Property Damage Liability:<br>Each Accident Limit | $1,000,000<br>----------<br><br>$<br>$<br><br>$ |
| New Jersey Manufacturers<br><br>W22723104<br><br>Eff: 07/01/2006 to 07/01/2007 | Employers Liability | Bodily Injury By Accident:<br>Each Accident Limit<br><br>Bodily Injury By Disease:<br>Each Employee Limit<br>Policy Limit | $1,000,000<br><br>$1,000,000<br>$1,000,000 |
| Insurance Co of the State of PA<br><br>TGA2714899<br><br>Eff: 03/31/2007 to 03/31/2008 | Garage Liability | Each Accident<br>Aggregate Limit | $1,000,000<br>$1,000,000<br>$<br>$ |

INSURED



C0849957AA35D53 48 2/13/2009 1:41:07 PM [Central Standard Time]

POLICY NUMBER
L 2077971186

WARE INDUSTRIES, INC.
C/O MARINO WARE, 400 METUCHEN ROAD
SOUTH PLAINFIELD, NJ 07080

## FORMS AND ENDORSEMENTS SCHEDULE

| Form Number | | Form Title |
|---|---|---|
| G56015B | 11/1991 | Blank Text Commercial Umbrella |
| G56015B | 11/1991 | ENDORSEMENT #G16543A AMENDMENT |
| G56015B | 11/1991 | POLICY PERIOD AMENDMENT |
| G56015B | 11/1991 | Insured List |
| G56015B | 11/1991 | Additional Underlying Schedule |
| G133136B | 07/2005 | Bridge Endorsement |
| G140429A | 10/2001 | Aircraft Products and Grounding Exclusion |
| G147157B29 | 07/2005 | New Jersey Amendatory Endorsement |
| G15057C | 06/2005 | Commercial Umbrella Plus Coverage Part |
| G16377B | 11/1991 | Total Pollution Exclusion Endorsement |
| G16543A | 01/1991 | Prof Services Errors and Omissions Exclusion |
| G17016A | 09/1991 | Mandatory Endorsement - Aggregate Limits - NJ |
| IL0017 | 11/1998 | Common Policy Conditions |
| IL0208 | 12/2005 | New Jersey Changes - Cancellation And Nonrenewal |

## *** PLEASE READ THE ENCLOSED IMPORTANT NOTICES CONCERNING YOUR POLICY ***

| Form Number | | Form Title |
|---|---|---|
| G144233C | 01/2005 | Notice - Offer of Terrorism Disclosure of Premium |
| G145041A | 05/2003 | IMP INF Economic And Trade Sanctions Condition |
| G18615H | 10/2005 | Important Information-New Jersey Policyholders |
| G300216A | 11/2005 | Important Information |

Countersignature

Chairman of the Board

Secretary

P-43770-B (Ed. 10/89)

INSURED



C0849957AA35D53 48 2/13/2009 1:41:07 PM [Central Standard Time]

POLICY NUMBER
L 2077971186

INSURED NAME AND ADDRESS
WARE INDUSTRIES, INC.
C/O MARINO WARE, 400 METUCHEN ROAD

SOUTH PLAINFIELD, NJ 07080

**POLICY CHANGES**
**Insured List**

This Change Endorsement changes the Policy. Please read it carefully. This Change Endorsement is a part of your Policy and takes effect on the effective date of your Policy, unless another effective date is shown.

AMERICAN STRIP STEEL INC
MARINO WARE A DIVISION OF WARE INDUSTRIES INC
WARE URBAN RENEWAL CORP
HARRIS STEEL INTERNATIONAL INC
AMSTRIP LTD
AMERICAN INTERSTATE CORP SUNSHINE TOWERS INC
DAVID GRAHAM CO dba GRAHAM TRANSPORT
DEVON TRANSPORT CO INC
BLUE CHIP TRANSIT INC
INTERNATIONAL PRECISION PRODUCTS INC
RIVERSIDE METALS AND PROCESSING
SHAYNE REALTY
NASSAU TERMINAL CORPORATION
WARE INDUSTRIES OF DELAWARE INC
D S REALTY INC
EASTMED CORPORATION
NEWARK SHEARING CORP
N & B REALTY LLC
DELANCO REALTY LLC
DUDLEY INC
AMERICAN STRIP STEEL INC PROFIT SHARING TRUST
AMERICAN STRIP STEEL FLEXIABLE SPENDING PLAN
WARE INDUSTRIES LOCAL 8228 PENSION PLAN
NORBET TRUCKING INC
NTC LOGISTICS LLC
S & A REALTY INC
PROSTEEL LLC
PASSAIC REALTY LLC
S & S GREENBELT LLC
LEROY SCHECTER FINANCIAL INSURANCE TRUST
NORMAN SCHECTERS ASSET TRUST
ALANA REALTY LLC
SLSC REALTY LP
AMERICAN STRIP STEEL A DIVISION OF
WARE INDUSTRIES INC
LEROY & SOSHANA SCHECTER
LEROY & RENEE SCHECTER TRUSTEES
DAVID CAL SEMEL & BETH SEMEL
NORMAN SCHECTER
DDAS ENTERPRISES LLC
MARINO WARE DESIGN GROUP LLC
LEROY SCHECTER FOUNDATION

Chairman of the Board

Secretary

G-56015-B (ED. 11/91)

C0849957AA35D53 48 2/13/2009 1:41:07 PM [Central Standard Time]

POLICY NUMBER
L 2077971186

INSURED NAME AND ADDRESS
WARE INDUSTRIES, INC.
C/O MARINO WARE, 400 METUCHEN ROAD

SOUTH PLAINFIELD, NJ 07080

**POLICY CHANGES**
**Insured List**

This Change Endorsement changes the Policy. Please read it carefully. This Change Endorsement is a part of your Policy and takes effect on the effective date of your Policy, unless another effective date is shown.

THE SCHECTER FAMILY FOUNDATION
THE CARLETON & BETH SEMEL SURVIVOR TRUST
L & L INDIAN CREEK PROPERTIES LLC
DAMI ENTERPRISES LLC
CANDI PROPERTIES LLC
DAVE REALTY LLC

Chairman of the Board

Secretary

G-56015-B (ED. 11/91)

# EXHIBIT G

This SPECIAL MULTI-FLEX PO[illegible] is provided by the insurance company(s) [illegible] he Hartford Insurance Group, shown below.

THE HARTFORD

## COMMON POLICY DECLARATIONS

**POLICY NUMBER:** 10 UEN TE3521 DB

**Named Insured and Mailing Address:**
**(No., Street, Town, State, Zip Code)**

DCM ERECTORS, INC.
SEE IH1200
110 EAST 42ND STREET, STE. 1710
NEW YORK , NY 10017
(NEW YORK COUNTY)

**Policy Period:** **From** 02/23/07 **To** 02/23/08

12:01 A.M., Standard time at your mailing address shown above.

In return for the payment of the premium, and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy. The Coverage Parts that are a part of this policy are listed below. The Advance Premium shown may be subject to adjustment.

**Total Advance Premium:** $32,183.00

| **Coverage Part and Insurance Company Summary** | **Advance Premium** |
|---|---|
| COMMERCIAL AUTO<br>HARTFORD FIRE INSURANCE COMPANY<br>HARTFORD PLAZA<br>HARTFORD, CONNECTICUT 06115 | $31,770.00 |
| NJPLGA SURCHARGE | $398.00 |
| PREMIUM FOR AUTOMOBILE NYMVLEF | $15.00 |

**Form Numbers of Coverage Parts, Forms and Endorsements that are a part of this policy and that are not listed in the Coverage Parts.**

HM0001 IL00171198 IH01150795 IL01830702 HA00250302
IH12001185 NAMED INSURED

**Agent/Broker Name:** HARTAN BROKERAGE, INC

**This policy has been countersigned by our Authorized Representative.**

Countersigned by [signature] Authorized Representative 04/09/07 Date

ORIGINAL
**Form HM 00 22 02 95**

*350021OTE3521O101 01508




# COMMERCIAL AUTOMOBILE COVERAGE PART - DECLARATIONS BUSINESS AUTO COVERAGE FORM

*3500210TE35210101 00592

**POLICY NUMBER:** 10 UEN TE3521

This COMMERCIAL AUTOMOBILE COVERAGE PART consists of:

A. This Declarations Form;
B. Business Auto Coverage Form; and
C. Any Endorsements issued to be a part of this Coverage Form and listed below.

## ITEM ONE - NAMED INSURED AND ADDRESS

The Named Insured is stated on the Common Policy Declarations.

**ADVANCE PREMIUM:** $ 50,552.00

**AUDIT PERIOD:**

SUPPLEMENTARY UNINSURED MOTORISTS COVERAGE (SUM)
THE MAXIMUM AMOUNT PAYABLE UNDER SUM COVERAGE SHALL BE THE POLICY`S SUM LIMITS REDUCED AND THUS OFFSET BY MOTOR VEHICLE BODILY INJURY LIABILITY INSURANCE POLICY OR BOND PAYMENTS RECEIVED FROM, OR ON BEHALF OF, ANY NEG-LIGENT PARTY INVOLVED IN THE ACCIDENT, AS SPECIFIED IN THE SUM ENDORSEMENT.

Except in this Declarations, when we use the word "Declarations" in this Coverage Part, we mean this "Declarations" or the "Common Policy Declarations."

Form Numbers of Coverage Forms, Endorsements and Schedules that are part of this Coverage Part:

| | | | | |
|---|---|---|---|---|
| HA00040302 | HA00340200 | HA00120200T | CA00011001 | HA21020692 |
| CA22300306 | CA22320702 | CA22330702 | CA22600492 | HA22070800 |
| CA99030797 | CA21140306 | CA31071198 | CA20011001 | CA01880399 |
| CA02250699 | CA99100902 | CA99231293 | CA99441293 | HA00241290 |
| HA01060403 | HA01080300 | HA20070200 | HA99081290 | HA99160302 |
| HA99170902 | | | | |



© 2001 The Hartford (Includes copyrighted material of ISO Properties, Inc., with its permission.)

**COMMERCIAL AUTOMOBILE**
**COVERAGE PART - DECLARATIONS**
**BUSINESS AUTO COVERAGE FORM (Continued)**

**POLICY NUMBER:** 10 UEN TE3521

## ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the advance premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Business Auto Coverage Form next to the name of the coverage.

| Coverages | Covered Autos | Limit The Most We Will Pay for Any One Accident or Loss | Advance Premium |
|---|---|---|---|
| LIABILITY | 01 | $ 1,000,000 | $ 36,025.00 |
| PERSONAL INJURY PROTECTION (or equivalent No-Fault coverage) | 05 | Separately stated in each Personal Injury Protection Endorsement. | $ 1,277.00 |
| ADDED PERSONAL INJURY PROTECTION (or equivalent added No-Fault coverage) | 05 | Separately stated in each Added Personal Injury Protection Endorsement. | $ 154.00 |
| OPTIONAL BASIC ECONOMIC LOSS (New York only) | 05 | $25,000 each eligible injured person. | $ 49.00 |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | Separately stated in the Property Protection Insurance Endorsement. | |
| AUTO MEDICAL PAYMENTS | 02 | $ or the limit separately stated for each "auto" in ITEM THREE. | $ 1,184.00 |
| UNINSURED MOTORISTS | 06 | $ SEE FORM HA2102 OR STATE FORM(S) | $ 1,151.00 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorist Coverage) | | $ | |
| SUPPLEMENTARY UNINSURED MOTORISTS (NEW YORK ONLY) | 06 | $1,000,000 EACH 'ACCIDENT' | $ 786.00 |

COMMERCIAL AUTOMOBILE
COVERAGE PART - DECLARATIONS
BUSINESS AUTO COVERAGE FORM (Continued)

**POLICY NUMBER:** 10 UEN TE3521

## ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS (Continued)

| Coverages | Covered Autos | Limit The Most We Will Pay for Any One Accident or Loss | Advance Premium |
|---|---|---|---|
| PHYSICAL DAMAGE | | See ITEM FOUR for hired or borrowed "autos". | |
| COMPREHENSIVE COVERAGE | 07, 08 | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $ 1,814.00 |
| SPECIFIED CAUSES OF LOSS COVERAGE | | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus $ deductible for each covered "auto" for "loss" caused by mischief or vandalism. | |
| COLLISION COVERAGE | 07, 08 | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $ 7,246.00 |
| TOWING AND LABOR | 07 | $ or the amount separately stated for each "auto" in ITEM THREE, whichever is greater, for each disablement. | $ 105.00 |

| | |
|---|---|
| **Endorsement Premium** (Not included above) | $ 641.00 |
| **TOTAL ADVANCE PREMIUM:** | $ 50,552.00 |

*3500210TE3521010100593

**COMMERCIAL AUTOMOBILE**
**COVERAGE PART - DECLARATIONS**
**BUSINESS AUTO COVERAGE FORM (Continued)**

**POLICY NUMBER:** 10 UEN TE3521

## ITEM THREE - SCHEDULE OF COVERED AUTOS YOU OWN

Applicable only if "Schedule of Covered Autos You Own" is issued to form a part of this Coverage Form.
FORM HA0012 ATTACHED

## ITEM FOUR - SCHEDULE OF HIRED OR BORROWED AUTO COVERAGE AND PREMIUMS

**LIABILITY COVERAGE**
**RATING BASIS IS COST OF HIRE. Cost of hire** means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

| State | Estimated Cost of Hire | Rate Per Each $100 Cost of Hire | Advance Premium |
|---|---|---|---|
| | IF ANY | 3.097 | $ 82.00 MP |

**TOTAL ADVANCE PREMIUM:** $ 82.00 MP

## ITEM FIVE - SCHEDULE FOR NON-OWNERSHIP LIABILITY

| Named Insured's Business | Rating Basis | Number | Advance Premium |
|---|---|---|---|
| Other than a Social Service Agency | Number of Employees<br>Number of Partners | 25 | $ 130.00 |
| Social Service Agency | Number of Employees<br>Number of Volunteers | | |

**TOTAL ADVANCE PREMIUM:** $ 130.00 MP

# EXHIBIT H




January 21, 2008

**CERTIFIED MAIL R.R.R.**
DCM Erectors, Inc.
110 East 42nd Street, Suite 1710
New York, New York 10017
Attn: Nancy Wickham

RECEIVED
JAN 23 2008
ALLIED NORTH AMERICA

Re: Insured: DCM Erectors, Inc.
Claim Number: CA0007599368
Claimants: Robert Woo
Date of Loss: 12/14/2007

Dear Ms. Wickham:

We are in receipt and have been placed on notice of the above potential bodily injury claim, which has been reported to us pursuant to policy number 10 UEN TE3521, effective 02/23/07 – 02/23/08, issued to DCM Erectors, Inc. through Hartford Fire Insurance Company ("The Hartford").

This potential bodily injury claim involves serious injuries sustained by claimant Robert Woo, who was injured when a load from an overhead crane was accidentally dropped onto an office trailer. This accident occurred at the Goldman Sachs construction project, located at 200 Murray Street, New York, New York, on the above loss date.

Pursuant to our review of this matter, we must respectfully decline your request for defense and indemnification under the aforementioned Hartford policy, as this is a Business Auto Liability Policy, and the accident did not involve "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"

The Hartford policy cited above contains **Business Auto Coverage Form CA 00 01 10 01**, which contains the following insuring agreement, conditions and definitions:

Northeast Commercial Auto & Liability Claim Center
One Hollow Lane, Suite 301 3rd Fl.
Lake Success, NY 11042
Toll Free 888 625 2652
Facsimile 516 365 3978

01-23-2008 04:07

"SECTION II – LIABILITY COVERAGE

A. **Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"... "
...

"B. **Exclusions**,

This insurance does not apply to any of the following:
...

9. **Operations**
"Bodily injury" or "property damage" arising out of the operation of any equipment listed in paragraphs 6.b. and 6.c. of the definition of "mobile equipment"."

"SECTION V - DEFINITIONS

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means a land motor vehicle, "trailer" or semi-trailer designed for travel on public roads but does not include "mobile equipment".

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.
...

K. "Mobile equipment" means any of the following type of land vehicles, including any attached machinery or equipment:

1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally oft public roads;
2. Vehicles maintained for use solely on or next to premises you own or rent;
3. Vehicles that travel on crawler treads;

01-23-2008 0403

4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:
   a. Power cranes, shovels, loaders, diggers or drills; or
   b. Road construction or resurfacing equipment such as graders, scrapers or rollers.

5. Vehicles not described in paragraphs 1,, 2., 3,, or 4. above that are not self propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:
   a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or
   b. Cherry pickers and similar devices used to raise or lower workers.

6. Vehicles not described in paragraphs 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment' but will be considered "autos":
   a. Equipment designed primarily for:
      (1) Snow removal;
      (2) Road maintenance, but or resurfacing; or
      (3) Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

...

L. "Property damage" means damage to or loss of use of tangible property."

The aforementioned accident occurred on December 14, 2007, at the Goldman Sachs construction project at 200 Murray Street, New York, New York, when a tower crane leased to DCM Erectors, Inc. accidentally dropped a load of material from over 25 stories high, which crashed down onto construction trailers on the ground. As a result, the claimant, Robert Woo, was seriously injured.

01-23-2008 0500

The aforementioned Hartford policy is a Business Automobile policy, and, pursuant to the terms, conditions and definitions in the policy, this accident did not arise out of the ownership, maintenance or use of a covered "auto", as defined in the policy.

For the reasons set forth above, The Hartford has no duty to defend or indemnity DCM Erectors, Inc. in this matter, and will take no further action.

The grounds for declination of coverage asserted herein are set out to inform you of The Hartford's coverage position. The specific enumeration of the policy provisions set forth above is not intended by The Hartford as a waiver of any other policy defenses. The Hartford expressly reserves its right to invoke and rely on any other coverage defenses that may prove to be available under the policy or as a matter of law.

Should you have any further questions regarding the Hartford's coverage position, or additional information for consideration, please contact the undersigned at (888) 625-2652 ext. 68449.

Very truly yours,

Louis DeRossi, Claim Consultant

cc: Hartan Brokerage, Inc.
33 West 60th Street, 6th floor
New York, New York 10023

Allied North America Insurance of New York
390 North Broadway
Jericho, New York 11753
Attn: Claire Bennett

Marsh USA, Inc.
1166 Ave. of Americas, 8th floor
New York, New York 10036
Attn: Doug Hower

01-23-2008 0498

# EXHIBIT I



One Tower Square, Hartford, Connecticut 06183

BUSINESS AUTO
COVERAGE PART DECLARATIONS
Issue Date: 05-15-07 AA

ITEM ONE: Policy Number: VTJ-CAP-2396A700-TIL-07

INSURING COMPANY:
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Declarations Period: From: 04-01-07 to 04-01-08 12:01 A.M. Standard Time at your mailing address shown in the Common Policy Declarations.

The Commercial Automobile Coverage Part consists of these Declarations and the Business Auto Coverage Form shown below.

FORM OF BUSINESS: CORPORATION

ITEM TWO:
A. COVERAGE AND LIMITS OF INSURANCE:

Coverage applies only to those Autos shown as Covered Autos by entry of one or more Symbols from SECTION 1 - Covered Auto of the BUSINESS AUTO COVERAGE FORM

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|---|---|---|
| | | The most we will pay for any one accident or loss. |
| LIABILITY | 1 | $ 1,000,000 |
| COMPULSORY BODILY INJURY (Massachusetts Only) | 1 | $20,000 EACH PERSON<br>$40,000 EACH ACCIDENT |
| PERSONAL INJURY PROTECTION (No Fault) | 5 | Separately stated in each PIP endorsement minus deductible shown in ITEM THREE-SCHEDULE OF COVERED AUTOS YOU OWN. |
| ADDED PERSONAL INJURY PROTECTION (Added No Fault) | 5 | Separately stated in each Added PIP endorsement. |
| PERSONAL INJURY PROTECTION (Massachusetts Only) | 5 | $8,000 |



One Tower Square, Hartford, Connecticut 06183

BUSINESS AUTO
COVERAGE PART DECLARATIONS
Issue Date: 05-15-07 AA

Policy Number: VTJ-CAP-2396A700-TIL-07

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|---|---|---|
| OPTIONAL BASIC ECONOMIC LOSS COVERAGE (New York Only) | 5 | $ 25,000 |
| AUTO MEDICAL PAYMENTS | 2 | $ 5,000 EACH PERSON |
| UNINSURED AND UNDERINSURED MOTORISTS COVERAGE | 2 | SEE CA TO 30 |
| NY SUM | 2 | SEE CA TO 30<br>The maximum amount payable under SUM coverage shall be the policy SUM limits reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident, as specified in the SUM endorsement. |
| PHYSICAL DAMAGE Comprehensive Coverage | 2 8 | Actual Cash Value or Cost of Repair, whichever is less, minus deductible shown in ITEM THREE-SCHEDULE OF COVERED AUTOS YOU OWN for each covered Auto, but no deductible applies to loss caused by fire or lightning.<br>SEE IL T3 02 07 86 |



One Tower Square, Hartford, Connecticut 06183

BUSINESS AUTO
COVERAGE PART DECLARATIONS
Issue Date: 05-15-07 AA

Policy Number: VTJ-CAP-2396A700-TIL-07

| COVERAGE | COVERED AUTO SYMBOL | LIMITS OF INSURANCE |
|---|---|---|
| PHYSICAL DAMAGE Collision Coverage | 2 8 | Actual Cash Value or Cost of Repair, whichever is less, minus deductible shown in ITEM THREE-SCHEDULE OF COVERED AUTOS YOU OWN for each covered auto. SEE IL T3 02 07 86 |
| PHYSICAL DAMAGE TOWING AND LABOR | 3 | $ 50 for each disablement of a private passenger "auto". |

B. AUDIT PERIOD: ANNUAL

C. DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS:
Symbols 1-9, 19: SEE BUSINESS AUTO COVERAGE FORM Section 1 Covered Autos

# EXHIBIT J



**James J. McDonald**
Liability Adjuster/Travelers
New York City Construction
485 Lexington Avenue, 5th Floor
New York, NY 10017
(917) 778-6737 (phone)
(866) 540-9305 (fax)

**The Travelers Property Casualty Company of America**

January 5, 2009

Wiggin and Dana, LLP
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, PA 19102
Attention: Joseph G. Grasso

**Certified Mail#: 7008 1140 0003 1387 9831**

Our Insured/Client: Component Assembly Systems
Date of loss: 12/14/2007
Our File#: B6W1083
Claimant: Robert Woo
Location of loss: Goldman Sachs Building

Dear Mr. Grasso:

On December 14, 2007, Mr. Woo was allegedly injured when a crane collapsed onto a trailor that he was inside of at the Goldman Sachs building at the World Financial Center in New York.

Pursuant to your request in your letter dated December 19, 2008, Travelers Property Casualty Company of America issued a Commerical Automobile Policy to Component Assembly Systems under policy number VTJ-CAP-2396A700-TIL-07. The effective dates of this policy are from April 1, 2007 to April 1, 2008.

Please allow this letter to confirm that coverage would not be afforded to the captioned claim based on the fact that neither the truck nor the trailor are owned by Component Assembly Systems. Therefore this claim would not be applicable to this insurance policy. Please be advised that Travelers will not be taking any further action in this matter and will not make any payments on behalf of Component Assembly Systems from this policy.

Based on our investigation, this matter is being handled under an OCIP/Wrap-up policy with New Hampshire Insurance Company under policy numbers GL157-98-08 and GL 161-70-90.

Please understand that we shall stand firm with our decision regarding this matter.

Should you wish to discuss our position please contact the below signed adjuster.

Sincerely,

James J. McDonald
Travelers
New York City Construction

Cc:

Ben B. Rubinowitz
80 Pine Street, 34th Floor
New York, NY 10005

**Certified Mail#: 7008 1140 0003 1387 9848**

Component Assembly Systems
620 Fifth Avenue
Pelham, NY 10583
Attention: Nancy Zeffiro

**Certified Mail#: 7008 1140 0003 1387 9855**

Levitt-Fuirst Assoc LTD
1 Executive Blvd
Suite 301B
Yonkers, NY 10701
Attention: Nick Grasso

**Certified Mail#: 7008 1140 0003 1387 9862**

Great American Insurance Group
50 Parsippany Road
Parsippany, NJ 07054
Attention: Larry David
Claim#: 525532486

**Certified Mail#: 7008 1140 0003 1387 9879**

LERS J

iim
venue, 5th Floor
0017

CERTIFIED MAIL™



7008 1140 0003 1387 9831




Wiggin and Dana, LLP
Two Liberty Place
50 S. 16th Street, Suite 2925
Philadelphia, PA 19102
Attention: Joseph G. Grasso

19102+2544

# EXHIBIT K

GAI 6001 (Ed. 06 97)

Policy No. UMB 9257140 -
Renewal Of UMB 9251539 -

# THE PROTECTOR COMMERCIAL UMBRELLA DECLARATIONS PAGE

**1. NAMED INSURED AND ADDRESS:**
COMPONENT ASSEMBLY SYSTEMS INC
SEE NAMED INSURED ENDT.
620 FIFTH AVENUE
PELHAM, NY 10803

**2. POLICY PERIOD:**
12:01 A.M. Standard Time at the address of the Named Insured shown at left.
From 04/01/2007 To 04/01/2008

**IN RETURN FOR PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

**PRODUCER'S NAME AND ADDRESS:**
PACIFIC PRO INTERMEDIARIES, LLC
275 MADISON AVENUE, SUITE 900
NEW YORK, NY 10016

Insurance is afforded by:
GREAT AMERICAN ASSURANCE COMPANY

**3. PREMIUM:**

| | | |
|---|---|---|
| Commercial Umbrella Premium | $ | 220,000 |
| Personal Umbrella Premium | $ | |
| Total Advance Premium | $ | 220,000 |
| Service Charge | $ | |
| Taxes | $ | |
| Surcharge | $ | |
| Total | $ | 220,000 |

In the event of cancellation by the Named Insured, the company will receive and retain no less than $ as a policy minimum premium.

**BASIS OF PREMIUM:** Non-Auditable ( X ) Auditable ( )

**4. LIMITS OF INSURANCE:**

| | |
|---|---|
| $25,000,000 | Each Occurrence |
| $25,000,000 | General Aggregate (Where Applicable) |
| $25,000,000 | Products-Completed Operations Aggregate |

**5. SELF-INSURED RETENTION:** $ 10,000

**6. FORMS AND ENDORSEMENTS** applicable to all Coverage Forms and made part of this Policy at time of issue are listed on the attached Forms and Endorsements Schedule, GAI 6013 (Ed. 06/97).

Countersigned ______________ By [signature]
Date Authorized Representative




Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 6013 (Ed. 06 97)

# FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

| | Form and Edition | | ST | Date Added* or Date Deleted | Form Description |
|---|---|---|---|---|---|
| 1. | GAI6001 | 06/97 | NY | | Commercial Umbrella Declarations |
| 2. | GAI6002 | 06/97 | NY | | Commercial Umbrella Coverage Form |
| 3. | GAI6003 | 06/97 | NY | | Schedule A-Sched/Underlying Policies |
| 4. | GAI6008 | 06/97 | NY | | Schedule of U/L Policies (Supplemental) |
| 5. | GAI6008 | 06/97 | NY | | Schedule of U/L Policies (Supplemental) |
| 6. | GAI6011 | 06/97 | NY | | NAMED INSURED ENDT. |
| 7. | GAI6026 | 06/97 | NY | | Cross Suits Exclusion |
| 8. | GAI6030 | 06/97 | NY | | Care, Custody or Control Exclusion |
| 9. | GAI6442 | 01/02 | NY | | Fungi, Mold or Spores Exclusion |
| 10. | GAI6050 | 06/97 | NY | | Intellectual Property Exclusion |
| 11. | GAI6135 | 06/97 | NY | | Professional Liability Exclusion |
| 12. | GAI6011 | 06/97 | NY | | EXTERIOR INSULATION AND FINISH SYSTEMS EXC |
| 13. | GAI6011 | 06/97 | NY | | RESIDENTIAL EXCLUSION ENDORSEMENT |
| 14. | GAI6665 | 10/04 | NY | | Silica or Related Dust Exclusion |
| 15. | GAI6333 | 06/97 | NY | | Exclusion - Liability Arising out of Lead |
| 16. | GAI6827 | 10/04 | NY | | Email, Fax or Phone Exclusion |
| 17. | GAI6142 | 03/99 | NY | | Earth Movement Exclusion |
| 18. | GAI6339 | 06/97 | NY | | Punitive or Exemplary Damages Exclusion |
| 19. | GAI6343 | 06/97 | NY | | Exclusion of Coverage for Specified Entiti |
| 20. | GAI6457 | 12/02 | NY | | Exclusion of Certified Acts of Terrorism |
| 21. | GAI6473 | 03/03 | NY | | Disclosure Pursuant to Terrorism Risk-Reje |
| 22. | GAI6106 | 06/97 | NY | | Auto Liability - Following Form |

*If not at inception



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 6013 (Ed. 06 97)

## FORMS AND ENDORSEMENTS SCHEDULE

It is hereby understood and agreed the following forms and endorsements are attached to and are a part of this policy:

| | Form and Edition | | ST | Date Added* or Date Deleted | Form Description |
|---|---|---|---|---|---|
| 1. | GAI6129 | 06/97 | NY | | Personal Injury - Following Form |
| 2. | GAI6047 | 06/97 | NY | | Advertising Injury - Following Form |
| 3. | GAI6434 | 07/99 | NY | | Amendment of Insuring Agreement-Known Inju |
| 4. | GAI6153 | 06/97 | NY | | Employee Benefit Liability-Following Form |
| 5. | GAI6113 | 06/97 | NY | | Contractual Liability - Following Form |
| 6. | GAI6134 | 06/97 | NY | | Products-Completed Operations-Follow Form |
| 7. | GAI6150 | 06/97 | NY | | Contractors Limitation Endorsement |
| 8. | GAI6011 | 06/97 | NY | | AMENDMENT OF DEFINITIONS - "UNDERLYING INS |
| 9. | GAI6428 | 12/98 | NY | | Additional Insured Limitation |
| 10. | GAI6205 | 10/04 | NY | | New York Changes Cancellation and Nonrenew |
| 11. | GAI6369 | 06/97 | NY | | New York Changes-Amendatory Endt. |
| 12. | | | | | |
| 13. | | | | | |
| 14. | | | | | |
| 15. | | | | | |
| 16. | | | | | |
| 17. | | | | | |
| 18. | | | | | |
| 19. | | | | | |
| 20. | | | | | |
| 21. | | | | | |
| 22. | | | | | |

*If not at inception



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 6003
(Ed. 06 97)

## SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| a) TRAVELERS PROPERTY/ CASUALTY CO. 5-15-2007/2008 #6KUB-3194B45-0-04 (STATE OF MASS.) AND #DTJUF963K013-4-05 4-15-2007/2008 (VARIOUS STATES) | Employers Liability<br>COMPONENT ASSEMBLY SYSTEMS, INC. | Bodily Injury By Accident<br>$ 1,000,000 each accident<br>Bodily Injury By Disease<br>$ 1,000,000 policy limit<br>$ 1,000,000 each employee |
| b) TRAVELERS PROPERTY & CASUALTY COMPANY 4-1-2007/2008 #VTJCAP2396A70-TIL | Automobile/Garage<br>( X ) Any Automobile<br>( ) Owned Automobile Only<br>( ) Specifically Designated Automobile<br>( ) Hired Automobile<br>( ) Non-owned Automobile<br>( ) Garage Liability<br>( ) | ( ) Split Limit<br>Bodily Injury Liability<br>$ each person<br>$ each accident<br>Property Damage Liability<br>$ each accident<br>( X ) Combined Single Limit<br>$ 1,000,000 each accident<br>( ) Garage Operations<br>$ Auto only each accident<br>$ Other than auto each accident<br>$ Other than auto aggregate |
| | ( ) Garagekeepers Liability | $ each location |

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| c) ( ) | Comprehensive General Liability including | ( ) Split Limit |
| | | Bodily Injury Liability |
| | ( ) Products-Completed Operation Liability | $ each occurrence |
| | | $ aggregate |
| | ( ) Broad Form Endorsement | Property Damage Liability |
| | | $ each occurrence |
| | ( ) | $ aggregate |
| | | ( ) Combined Single Limit |
| | ( ) | $ each occurrence |
| | | $ aggregate |
| OR | OR | OR |
| ( X ) TRAVELERS PROPERTY & CASUALTY 4-1-2007/2008 #VTC2KC02396A693 | Commercial General Liability | $2,000,000* General Aggregate Limit |
| | ( X ) Occurrence Form | $2,000,000 Products-Completed Operation Aggregate Limit |
| *GENERAL AGGREGATE APPLIES AS "PER JOB" | ( ) Claims-Made Form | |
| | ( X ) DEFENSE COST OUTSIDE LIMITS | $1,000,000 Personal and Advertising Injury Limit |
| Retroactive Date | | $1,000,000 Each Occurrence Limit |
| d) TRAVELERS PROPERTY & CASUALTY COMPANY 4-1-2007/2008 #VTC2KC02396A693 | EMPLOYEE BENEFITS LIABILITY | $1,000,000 EACH CLAIM<br>$1,000,000 AGGREGATE |



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 6008
(Ed. 06 97)

## SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE (SUPPLEMENTAL)

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| TRAVELERS PROPERTY/ CASUALTY COMPANY 4-1-2007/2008 #DTEUB-963K292-6-04 (VARIOUS STATES) AND #6KUB-3194B51-7-04 5-15-2007/2008 (STATE OF MASS.) | EMPLOYERS LIABILITY (COMPONENT SPRAY FIREPROOFING, INC.) | $1,000,000 EACH ACCIDENT<br>$1,000,000 POLICY LIMIT<br>$1,000,000 EACH EMPLOYEE |
| STATE INSURANCE FUND 6-29-2005/2006 #10515450 (STATE OF NEW YORK) AND #8068314 6-29-1999/2006 | EMPLOYERS LIABILITY (COMPONENT ASSEBMLY SYSTEMS, INC.) | $UNLIMITED EACH ACCIDENT<br>$UNLIMITED POLICY LIMIT<br>$UNLIMITED EACH EMPLOYEE |
| AMERICAN INTERNATIONAL GROUP 12-19-2006/2007 #WC 782-35-33 (STATE OF NEW YORK) AND #WC-74820-61 8-15-2006/2007 (STATE OF MASS.) | EMPLOYERS LIABILITY (ZAPATA CONSTRUCTION, INC.) | $1,000,000 EACH ACCIDENT<br>$1,000,000 POLICY LIMIT<br>$1,000,000 EACH EMPLOYEE |
| GREAT AMERICAN INS. CO 1-16-2007/2008 #GL05582017 | COMMERCIAL GENERAL LIABILITY (COMPONENT SPRAY FIREPROOFING, INC.) | $2,000,000 GENERAL AGGREGATE LIMIT<br>$1,000,000 EACH OCCURRENCE |
| ILLINOIS UNION INS. CO 7-22-2006/2007 #G21991004002 | COMM'L GENERAL LIABILITY (HI RISE CARPENTRY, INC.) | $2,000,000 GENERAL AGGREGATE LIMIT<br>$1,000,000 EACH OCCURRENCE |
| HARTFORD INS. CO. 6-11-2006/2007 #16WBJD2421 | EMPLOYERS LIABILITY (HI RISE CARPENTRY, INC.) | $1,000,000 EACH ACCIDENT<br>$1,000,000 POLICY LIMIT<br>$1,000,000 EACH EMPLOYEE |



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 6008
(Ed. 06 97)

# SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE (SUPPLEMENTAL)

| Carrier, Policy Number and Period | Type of Coverage | Limits of Insurance |
|---|---|---|
| TRAVELERS PROPERTY/ CASUALTY COMPANY 11-4-2006/2007 #DT-650-963K1075-TIL-03 | AUTO LIABILITY (CAPITAL INTERIORS, INC.) | $1,000,000 CSL EACH ACCIDENT |
| TRAVELERS PROPERTY/ CASUALTY COMPANY 11-4-2006/2007 #DTJUB-909E472-5-03 | EMPLOYERS LIABILITY (CAPITAL INTERIORS, INC.) | $1,000,000 EACH ACCIDENT<br>$1,000,000 POLICY LIMIT<br>$1,000,000 EACH EMPLOYEE |
| TRAVELERS PROPERTY CASUALTY COMPANY 11-4-2006/2007 #DT-660-963K1075-TIL-03 | COMM'L GENERAL LIABILITY (CAPITAL INTERIORS, INC.) | $2,000,000 GENERAL AGGREGATE LIMIT<br>$1,000,000 EACH OCC. LIMIT |
| TRAVELERS PROPERTY & CASUALTY COMPANY 4-1-2007/2008 #DTCO 293D6479-TIL-04 | COMMERCIAL GENERAL LIABILITY (AMERICAN ACOUSTICAL CONTRACTORS, INC.) | $2,000,000 GENERAL AGGREGATE LIMIT<br>$1,000,000 EACH OCC. LIMIT |
| TRAVELERS PROPERTY & CASUALTY COMPANY 4-1-2007/2008 #DAO-810-963K2871-TCT-04 | AUTO LIABILITY (AMERICAN ACOUSTICAL CONTRACTORS, INC.) | $1,000,000 CSL EACH ACCIDENT) |
| TRAVELERS PROPERTY & CASUALTY COMPANY 6-1-2006/2007 #6S60UB-885X651-5-04 | EMPLOYERS LIABILITY (AMERICAN ACOUSTICAL CONTRACTORS, INC.) | $1,000,000 EACH ACCIDENT<br>$1,000,000 POLICY LIMIT<br>$1,000,000 EACH EMPLOYEE |



Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 6011
(Ed. 06 97)

## GENERAL ENDORSEMENT

NAMED INSURED

THE NAMED INSURED LISTED IN ITEM 1 OF THE DECLARATIONS IS CHANGED TO THE FOLLOWING:

COMPONENT ASSEMBLY SYSTEMS, INC.
SCORE CARPENTRY, INC.
BROOKFELD REALTY CORP.
260 TRUST
H. LEWIS RAPPAPORT
ZAPATA CONSTRUCTION, INC.
HI-RISE CARPENTRY CORP.
ARMORY GARDENS REALTY TRUST
217 PARK STREET, LLC
COMPONENT WEST, LLC
CAPITAL INTERIORS, INC.
COMPONENT SPRAY FIREPROOFING, INC.
AMERICAN ACOUSTICAL CONTRACTORS, INC.
LIBERTY LABOR, LLC

BUT ONLY TO THE EXTENT THAT SUCH NAMED INSUREDS ARE SCHEDULED AS NAMED INSUREDS ON THE POLICIES LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE POLICIES AND FOR NO BROADER COVERAGE THAN IS PROVIDED BY SUCH POLICIES.

THIS ENDORSEMENT DOES NOT CHANGE ANY OTHER PROVISION OF THE POLICY.




Administrative Offices
580 Walnut Street
Cincinnati, Ohio 45202
Tel: 1-513-369-5000

GAI 6026
(Ed. 06 97)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## CROSS SUITS EXCLUSION

The following exclusion is added to Section **IV - EXCLUSIONS:**

Any liability of any "Insured" covered under this policy to any other "Insured" covered under this policy.

This endorsement does not change any other provision of the policy.

# EXHIBIT L

Rec'd 12-16-08




Great American Custom
Insurance Services Division

Part of
Great American Insurance Group

725 South Figueroa, Suite 3400
Los Angeles, CA 90017
www.GAmCustom.com

December 12, 2008

Mr. Joseph G. Grasso, Esq.
Wiggin and Dana, LLP
Two Liberty Place
50 S. 16Th Street
Philadelphia, PA 19102

Re: Our Insured: Hi-Rise Carpentry Corp/ Component Assembly System
Our File No: 525532486
Umbrella Policy: UMB 9257140
Your Client: Underwriters of Goldman Sachs Site 26 OCIP
Claimant: Robert Woo
Loss Date: 12/14/07

Dear Mr. Grasso:

This acknowledges your letter of December 11, 2008. Great American Assurance Company has excess coverage for Hi-Rise Carpentry Corp/Component Assembly System. Therefore the primary policy has to be exhausted before the excess policy is triggered.

Our coverage position remains the same and as the excess carrier Great American Assurance Company will not participate in the mediation set for December 17, 2008. We will be glad to review the coverage if you can provide documentation that would specifically exclude the operation giving rise to the accident under the OCIP coverage.

Very truly yours,

Lawrence S. David
Claims Director



Rec'd 12-31-08




Great American Custom
Insurance Services Division

Part of
Great American Insurance Group

725 South Figueroa, Suite 3400
Los Angeles, CA 90017
www.GAmCustom.com

December 29, 2008

Mr. Joseph G. Grasso, Esq.
Wiggin and Dana, LLP
Two Liberty Place
50 S. 16Th Street
Philadelphia, PA 19102

Re: Our Insured: Hi-Rise Carpentry Corp/ Component Assembly System
Our File No: 525532486
Umbrella Policy: UMB 9257140
Your Client: Underwriters of Goldman Sachs Site 26 OCIP
Claimant: Robert Woo
Loss Date: 12/14/07

Dear Mr. Grasso:

This acknowledges your letter of December 15, 2008 advising the mediation has been postponed.

As stated in my letter of December 12, 2008, Great American Assurance Company will be glad to review the coverage if you can provide documentation that would specifically exclude the operation giving rise to the accident under the OCIP coverage. In particular, please provide a copy of the OCIP policy.

Thanks for your attention to this matter.

Very truly yours,

Lawrence S. David
Claims Director



cc: Mr. Nick Grasso
Levitt-Fuirst Associates, LTD
1 Executive Blvd.
Yonkers, NY 10701

Mr. James McDonald
Travelers Insurance Company
485 Lexington Ave.
New York, NY 10017

File No.: B6W1083

Ms. Nancy Zeffiro
Hi-Rise Carpentry Corp.
Component Assembly Systems
620 Fifth Avenue
Pelham, NY 10803

# EXHIBIT M

# CERTIFICATE OF INSURANCE

December 19th 2007

AGENT/BROKER
**HUGH WOOD CANADA LTD.**
4120 Yonge Street, Suite 201
Toronto, Ontario M2P 2B8
Tel: (416) 229-6600 Fax: (416) 229-6800

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER AND IMPOSES NO LIABILITY ON THE INSURER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

COMPANY LETTER A Continental Casualty Company (CNA)
COMPANY LETTER B
COMPANY LETTER C
COMPANY LETTER D
COMPANY LETTER E

INSURED:
**Adamson Associates, A Partnership of Corporations; Design Group Consultants Limited; Adamson Associates (International) Ltd.; Adamson Architects Inc.**
401 Wellington Street West
Toronto, ON
M5V 1E7

**COVERAGES**

This is to certify that the policies of insurance listed below have been issued to the Insured named above for the policies period indicated notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain. The insurance afforded by the policies described herein is subject to all terms, exclusions and conditions of such policies. Limit shown may have been reduced by paid claims.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EXPIRY DATE (YY/MM/DD) | LIMITS OF LIABILITY | |
|---|---|---|---|---|---|
| A | COMMERCIAL GENERAL LIABILITY<br>☒ OCCURRENCE ☐ CLAIMS MADE<br>☒ PRODUCTS AND/OR COMPLETED OPERATIONS<br>☒ INCLUDED ☐ EXCLUDED<br>☒ EMPLOYERS LIABILITY<br>☒ INCLUDED ☐ EXCLUDED<br>DOMICILED IN CANADA ONLY | MPR2719692 | 08/06/05 | Each Occurrence Limit<br>General Aggregate Limit<br>Aggregate Limit – Products – Completed Operations<br>Personal Injury Limit<br>Tenants' Legal Liability<br>Medical Expense – Per Person<br>- Per Accident | $5,000,000.<br>$5,000,000.<br>$5,000,000.<br><br>$5,000,000.<br>$5,000,000.<br>$ 2,500.<br>$ 10,000. |
| | AUTOMOBILE LIABILITY<br>☐ ALL OWNED VEHICLES<br>☒ NON-OWNED AUTOMOBILE LIABILITY<br>**Additional Insured clauses are not applicable to any form of automobile insurance.* | MPR2719692 | 08/06/05 | Inclusive Limits – Bodily Injury & Property Damage Combined | $5,000,000. |
| | | | | | |

**DESCRIPTION OF LOCATIONS:** Site 26 Project – Manhattan, New York.
It is hereby understood and agreed that Goldman Sachs Headquarters, LLC, The Goldman Sachs Group, Inc., Goldman, Sachs & Co., Tishman Speyer Development, L.L.C. are added as an *Additional Insured but only with respect to liability arising out of the operations of the Named Insured.

CERTIFICATE HOLDER:
Goldman Sachs Headquarters LLC,
85 Broad Street,
New York, N.Y.,
10004.

CANCELLATION
Should any of the above described policies be cancelled before the expiration date thereof, the issuing company will endeavor to mail 30 days written notice to the certificate holder named herein, however, failure to mail such notice shall impose no obligation or liability of any kind upon the company, its agents or representatives.

HUGH WOOD CANADA LTD.

PER: [signature]
AUTHORIZED REPRESENTATIVE

# CERTIFICATE OF INSURANCE

December 19th, 2007

AGENT/BROKER

**Hugh Wood Canada Ltd.**
4120 Yonge Street, Suite 201
Toronto, Ontario M2P 2B8

CODE SUB-CODE

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW

## COMPANIES AFFORDING COVERAGE

COMPANY LETTER A CONTINENTAL CASUALTY COMPANY

COMPANY LETTER B

COMPANY LETTER C

COMPANY LETTER D

COMPANY LETTER E

INSURED:

**Adamson Architects, Inc, and**
**Adamson Associates, a Partnership of Corporations,**
7 World Trade Centre 11th Floor.
NEW YORK
N.Y.

COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE AND ARE IN FORCE AT THIS DATE.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EXPIRATION DATE (YY/MM/DD) | LIMITS OF LIABILITY | |
|---|---|---|---|---|---|
| A | ☒ WORKERSCOMPENSATION AND EMPLOYERS LIABILITY | WC1 98584611 | 08/01/07 | STATUTORY LIMITS | |
| | | | | Bodily Injury by Accident | $1,000,000 each accident |
| | | | | Bodily Injury by Disease | $1,000,000 Policy Limit |
| | | | | Policy Injury by Disease | $1,000,000 each Employee |
| | | | | | |
| | | | | | |
| | | | | | |

WORKERS COMPENSATION – NEW YORK STATE

Goldman Sachs Headquaters LLC,
85 Broad Street,
New York,
N.Y.

94103

SHOULD ANY OF THE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES.

HUGH WOOD CANADA LTD.

Per [signature]

AUTHORIZED REPRESENTATIVE

# EXHIBIT N

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

Arch Insurance Group℠

**ARCH INSURANCE COMPANY**
(A Missouri Corporation)

Home Office Address:
3100 Broadway, Suite 511
Kansas City, MO 64111

Administrative Address:
One Liberty Plaza, 53rd Floor
New York, NY 10006
Tel: (800) 817-3252

# NEW YORK – COMMERCIAL GENERAL LIABILITY POLICY

## DECLARATIONS

Policy No.: DPC 0005892 02

Renewal of: DPC 0005892 01

**Effective Date:** 4/15/07
**Expiration Date:** 10/15/08
*At 12:01 am standard time at the mailing address of the Named Insured shown below.*

**Item 1. Named Insured and Producer**

Named Insured: DCM ERECTORS, INC.
Mailing Address: 110 EAST 42ND STREET
SUITE 1710
NEW YORK, NEW YORK 10017-5653

Producer: BISYS COMMERCIAL INSURANCE SERVICES, INC.
Mailing Address: 110 MARCUS BOULEVARD
HAUPPAUGE, NEW YORK 11788

**Item 2. Named Insured Classified as**

☐ Individual ☐ Partnership ☒ Corporation ☐ Trust
☐ Joint Venture ☐ LLC ☐ LLP ☐ Other

**Item 3. Limits of Insurance**

| | | |
|---|---|---|
| Each Occurrence Limit | $1,000,000 | |
| Personal and Advertising Injury Limit | $1,000,000 | Any one person or organization |
| Damage to Premises Rented to You Limit | $ 50,000 | Any one premises |
| General Aggregate Limit (Other Than Products – Completed Operations) | $2,000,000 | |



05 CGL0047 33 09 06

CLASS 1 - 97655

Products – Completed Operations Aggregate Limit $1,000,000

**Item 4. Policy Premium:** XXXXXXX

Deposit Premium: XXXXXXX ☐ A flat charge per each policy period
☒ Adjustable, per the Premium Computation Endorsement

Minimum Retained Audit Premium: XXXXXXX

Minimum Retained Premium: XXXXXXX Not subject to adjustment in the event of cancellation by you.

**Item 5. Forms & Endorsements attached:** See Schedule of Forms and Endorsements Form 00 ML0012 00 01 03

**IN CONSIDERATION OF THE PAYMENT OF PREMIUM AND IN RELIANCE UPON STATEMENTS MADE IN THE APPLICATION, THIS POLICY INCLUDING ALL ENDORSEMENTS ISSUED HEREIN SHALL CONSTITUTE THE CONTRACT BETWEEN THE COMPANY AND THE NAMED INSURED.**

## SCHEDULE OF FORMS AND ENDORSEMENTS

**INSURED:** DCM ERECTORS, INC. TERM: 4/15/2007 to 10/15/2008
**POLICY NUMBER:** DPC 0005892 02

| ENDT. NO. | FORM NO. | TITLE |
|---|---|---|
| | 05 CGL0047 33 09 06 | NEW YORK - COMMERCIAL GENERAL LIABILITY POLICY DECLARATIONS |
| | 05 ML0002 00 12 06 | SIGNATURE PAGE |
| | 00 CGL0098 00 09 06 | COMMERCIAL GENERAL LIABILITY COVERAGE FORM |
| 1 | 00 ML0207 33 03 04 | NEW YORK POLICY CHANGES - AMENDMENT OF CANCELLATION CONDITION |
| 2 | 00 CGL0107 00 09 06 | PREMIUM COMPUTATION ENDORSEMENT - DEDUCTIBLE POLICY - VERSION I |
| 3 | 00 CGL0072 00 03 03 | NAMED INSURED ENDORSEMENT |
| 4 | 00 CGL0038 00 09 06 | EMPLOYEE BENEFITS LIABILITY COVERAGE ENDORSEMENT |
| 5 | 00 CGL0243 00 12 06 | DESIGNATED LOCATION OR PROJECT GENERAL AGGREGATE LIMIT AND POLICY AGGREGATE LIMIT ENDORSEMENT |
| 6 | 00 CGL0099 00 09 06 | DEDUCTIBLE LIABILITY ENDORSEMENT |
| 7 | 00 CGL0007 00 09 06 | CROSS SUITS EXCLUSION ENDORSEMENT |
| 8 | 00 CGL0237 00 09 06 | EXTERIOR INSULATION AND FINISH SYSTEM ABSOLUTE EXCLUSION ENDORSEMENT |
| 9 | 00 CGL0041 00 09 06 | WRAP-UP EXCLUSION ENDORSEMENT |
| 10 | 00 CGL0039 00 09 06 | ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY EXCLUSION ENDORSEMENT |
| 11 | 00 CGL0092 00 09 06 | CHROMATED COPPER ARSENATE ("CCA") EXCLUSION ENDORSEMENT |
| 12 | 00 CGL0221 00 01 06 | EXCLUSION OF TERRORISM OTHER THAN A CERTIFIED ACT OF TERRORISM |
| 13 | 00 CGL0240 00 01 07 | CONDITIONAL TOTOTAL TERRORISM EXCLUSION (RELATING TO DISPOSITION OF FEDERAL TERRORISM RISK INSURANCE ACT) |
| 14 | 00 CGL0006 00 09 06 | BLANKET ADDITIONAL INSURED ENDORSEMENT |
| 15 | 00 CGL0121 00 09 06 | WAIVER OF SUBROGATION ENDORSEMENT |
| 16 | 00 CGL0130 00 09 06 | OTHER INSURANCE - BROAD FORM, CGL POLICY ENDORSEMENT |
| 17 | 00 CGL0102 00 09 06 | NOTICE OF CLAIM OR OCCURRENCE ENDORSEMENT |
| 18 | 00 CGL0062 00 09 06 | KNOWLEDGE OF OCCURRENCE ENDORSEMENT |
| 19 | 00 CGL0083 00 09 06 | UNINTENTIONAL ERRORS AND OMISSIONS ENDORSEMENT |
| 20 | 00 CGL0181 33 11 04 | NEW YORK CHANGES ENDORSEMENT |
| | 00 MLT0031 00 02 06 | TERRORISM COVERAGE DISCLOSURE NOTICE |
| | 00 MLT0038 00 01 07 | ADDENDUM TO TERRORISM DISCLOSURE NOTICE |
| | 00 MLC0012 00 01 07 | NOTICE TO POLICYHOLDERS |

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**

# EXHIBIT O

Arch
Insurance Group Inc.®

www.archinsurance.com

One Liberty Plaza
53rd Floor
New York, NY 10006

212 651 6500 Telephone
212 651 6499 Fax

January 7, 2008

***CERTIFIED MAIL / RRR***
***ARTICLE#: 71054522644103522779***

Joseph Grasso Esq.
Wiggin and Dana LLP
Two Liberty Place
50 S. 16th Street Suite 2925
Philadelphia, PA 19102

| **RE:** | **Arch Claim Number:** | **42913** |
|---|---|---|
| | **Policy Number:** | **DPC000589202** |
| | **Policy Period:** | **April 15, 2007 – October 15, 2008** |
| | **Insured:** | **DCM Erectors, Inc** |
| | **Date of Loss:** | **December 14, 2007** |
| | **Claimant:** | **Robert Woo** |

Dear Mr. Grasso:

Arch Insurance Company ("Arch") acknowledges receipt of your correspondence dated December 11, 2008 in regards to the case captioned *Robert Woo and Melissa Mark against Battery Park City Authority, Goldman Sachs Headquarters LLC, Tishman Construction Corporation of New York, DCM Erectors Inc, Component Assembly Systems Inc, Total Safety Consulting LLC and Regional Scaffolding & Hoisting Co. Inc.*

Per our correspondence addressed to DCM Erectors on January 16, 2008, July 29, 2008 and October 31, 2008; coverage for this matter is not afforded under the Commercial General Liability Policy issued by Arch, Policy Number DPC000589202, to DCM Erectors, Inc ("DCM") for the policy period of April 15, 2007 to October 15, 2008.

It is our understanding that the accident location is a wrap-up project covered under a policy issued by AIG Insurance Company. Further, the above mentioned Arch policy contains a Wrap-up Exclusion Endorsement under which coverage is not afforded for any claim, suit, demand or loss that alleges bodily injury, property damage or personal and advertising injury that in any way, in whole or in part arises out of, relates to or results from any wrap-up, owner controlled insurance program, contractor controlled insurance program or similar rating or consolidated program.

As of today, we have not received any correspondence from DCM Erectors, Inc in response to our previously issued coverage position. Arch will not participate in any settlement negotiations involving this matter.

Please contact the undersigned at the number listed below if you wish to discuss this matter further.

Sincerely,

Magali Chang

Magali Chang
Claims Examiner
Arch Insurance Group
(646) 563-6480
(866) 266-3630 Fax

cc: Ms. Nancy Wickham
DCM Erectors, Inc
110 East 42nd Street
Suite 1710
New York, NY 10017

Ms. Debra Rothengast
Allied North America Insurance
Brokerage of New York, LLC
390 North Broadway
Jericho, NY 11753

BISYS Commercial Insurance Services, Inc.
110 Marcus Blvd.
Hauppauge, NY 11788

Gair, Gair, Conason, Steigman & Mackauf
80 Pine Street
New York, NY 10005

# EXHIBIT P

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**




**ARCH INSURANCE COMPANY**
(A Missouri Corporation)

Home Office Address:
3100 Broadway, Suite 511
Kansas City, MO 64111

Administrative Address:
One Liberty Plaza, 53rd Floor
New York, NY 10006
Tel: (800) 817-3252

## COMMERCIAL LIABILITY UMBRELLA POLICY

## DECLARATIONS

POLICY NUMBER: ULP0005884-02
EFFECTIVE DATE: 04/15/07
EXPIRATION DATE: 10/15/08
**12:01 AM STD Time at the Address of the Named Insured**

RENEWAL OF: ULP0005884-01
AGENT CODE:

**Item 1. Named Insured and Producing Agent**

Named Insured: DCM Erectors, Inc.
Mailing Address: 110 E 42nd Street, Rm 1710
New York, NY 10017-5653

Producing Agent: AmWINS Brokerage of New York, Inc.
Mailing Address: Wall Street Plaza
88 Pine Street, 6th Floor
New York, NY 10005

**Item 2. Named Insured is classified as:**
☐ Individual ☐ Partnership ☐ Joint Venture ☒ Corporation ☐

**Item 3. Limits of Insurance**

| | | |
|---|---|---|
| (a) | Each Occurrence Limit | $10,000,000 |
| (b) | Products-Completed Operations Aggregate Limit | $10,000,000 |
| (c) | General Aggregate Limit (Other than Products-Completed Operations) | $10,000,000 |

**Item 4. Self-Insured Retention**
Each Occurrence or Offense $10,000

**Item 5. Limits of Liability of Underlying Insurance: (See Schedule A - Schedule of Underlying Insurance)**

**Item 6.** **Policy Provisions, Forms and Endorsements Attached to this Policy at Inception: (See Commercial Umbrella Liability Policy Schedule Of Endorsements)**

**Item 7.** **Policy Premium:** XXXXXXXXX(See rate)
**Premium for Certified Acts of Terrorism:** REJECTED Premium is Flat
**Total Premium Payable:** XXXXXXXXXX

Flat ☒ Auditable ☐ Minimum Premium XXXXXXXXX

**Item 8.** **Rate:** FLAT

THESE DECLARATIONS, TOGETHER WITH COMMERCIAL UMBRELLA POLICY PROVISIONS, SCHEDULE A – SCHEDULE OF UNDERLYING INSURANCE AND ENDORSEMENTS, IF ANY, ARE ISSUED AS PART OF, AND IN COMPLETION OF THE ABOVE NUMBERED POLICY.

IN WITNESS WHEREOF, The Insurer has caused this policy to be executed and attested.

Martin J. Nilsen
Secretary

Mark D. Lyons
President

**NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.**

Arch
Insurance Group®

**ARCH INSURANCE COMPANY**
(A Missouri Corporation)

Home Office Address:
3100 Broadway, Suite 511
Kansas City, MO 64111

Administrative Address:
One Liberty Plaza, 53rd Floor
New York, NY 10006
Tel: (800) 817-3252

## COMMERCIAL LIABILITY UMBRELLA POLICY
## SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE

NAMED INSURED: DCM Erectors, Inc.
POLICY NUMBER: ULP0005884-02
EFFECTIVE DATE: 04/15/07
EXPIRATION DATE: 10/15/08

**A. COMMERCIAL GENERAL LIABILITY**

| | | | |
|---|---|---|---|
| Insurer: | Arch Insurance Group | $1,000,000 | Each Occurrence |
| Policy Number: | DPC000589202 | $2,000,000 | General Aggregate (Per Project) |
| Effective Date | 02/23/07 | $10,000,000 | Policy General Aggregate |
| Expiration Date: | 02/23/08 | $1,000,000 | Products Completed Operations Aggregate |

**EMPLOYEE BENEFITS LIABILITY**

| | | | |
|---|---|---|---|
| Insurer: | Arch Insurance Group | $1,000,000 | Each Employee |
| Policy Number: | DPC000589202 | $2,000,000 | General Aggregate |
| Effective Date | 02/23/07 | | |
| Expiration Date: | 02/23/08 | | |

**B. AUTOMOBILE LIABILITY**

| | | | |
|---|---|---|---|
| Insurer: | The Hartford Insurance Company | $1,000,000 | Combined Single Limit |
| Policy Number: | 10 UEN TE3521 | | |
| Effective Date | 02/23/07 | | |
| Expiration Date: | 02/23/08 | | |

**C. EMPLOYERS LIABILITY**

| | | | |
|---|---|---|---|
| Insurer: | The New York State Insurance Fund | $1,000,000 | Each Accident |
| Policy Number: | G 1420 777-3 | $1,000,000 | Each Employee |
| Effective Date | 03/15/07 | $1,000,000 | Disease Policy Limit |
| Expiration Date: | 03/15/08 | | |



**ARCH INSURANCE COMPANY**
(A Missouri Corporation)

Home Office Address:
3100 Broadway, Suite 511
Kansas City, MO 64111

Administrative Address:
One Liberty Plaza, 53rd Floor
New York, NY 10006
Tel: (800) 817-3252

## COMMERCIAL LIABILITY UMBRELLA POLICY
## SCHEDULE A - SCHEDULE OF UNDERLYING INSURANCE

NAMED INSURED: DCM Erectors, Inc.
POLICY NUMBER: ULP0005884-02
EFFECTIVE DATE: 04/15/07 EXPIRATION DATE: 10/15/08

**C. EMPLOYERS LIABILITY**

| | | | |
|---|---|---|---|
| Insurer: | The New York State Insurance Fund | $1,000,000 | Each Accident |
| Policy Number: | G 1420 777-3 | $1,000,000 | Each Employee |
| Effective Date | 03/15/07 | $1,000,000 | Disease Policy Limit |
| Expiration Date: | 03/15/08 | | |

**Employers Liability Limits listed above do not apply in those jurisdictions where liability is unlimited and unaggregated.**

**D. FOREIGN GENERAL LIABILITY**

| | | | |
|---|---|---|---|
| Insurer: | ACE American Insurance Company | $1,000,000 | Each Occurrence |
| Policy Number: | PHFD36854406 | $2,000,000 | General Aggregate |
| Effective Date | 05/23/07 | $1,000,000 | Products Completed Operations |
| Expiration Date: | 05/23/08 | | |

**E. FOREIGN AUTOMOBILE LIABILITY**

| | | | |
|---|---|---|---|
| Insurer: | ACE American Insurance Company | $1,000,000 | Combined Single Limit |
| Policy Number: | PHFD36854406 | | |
| Effective Date | 05/23/07 | | |
| Expiration Date: | 05/23/08 | | |