USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-25-13 JS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CERTAIN UNDERWRITERS AT LLOYDS OF   :    09 Civ. 4418 (LAP)
LONDON,                             :
                    Plaintiff,      :    ORDER
                                    :
        -against-                   :
                                    :
ILLINOIS NATIONAL INSURANCE         :
COMPANY, ET AL.,                    :
                    Defendants.     :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

Defendants Continental Casualty Company ("Continental") and Insurance Company of the State of Pennsylvania ("ICSOP") ("Defendants") have moved for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of both the March 3, 2011 Opinion denying Defendants motions for summary judgment and [dkt. No. 181] the November 27, 2012 Order denying Defendants motion for reconsideration of that summary judgment denial [dkt. no. 252].[1]  In order for a district court to certify one of its orders for interlocutory appeal, the party seeking certification must show that the order it seeks to appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); see, e.g., Dicola v. American

---

[1] Defendants' request was made via letters, and plaintiffs responded also via letter.  Those letters are attached.

Steamship Owners Mutual Protection and Indemnity Ass'n (In re Prudential Lines, Inc.), 59 F.3d 327, 332 (1995); Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 23-25 (2d Cir. 1990).  Only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Klinghoffer, 921 F.2d at 25 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)); see also In re Prudential Lines, Inc., 59 F.3d at 332 (quoting Coopers & Lybrand); In re Del-Val Fin. Corp. Sec. Litig., 874 F. Supp. 81, 83 (S.D.N.Y. 1995) (stating that interlocutory appeal process "should be used sparingly"); McNeil v. Aguilos, 820 F. Supp. 77, 78 (S.D.N.Y. 1993) (citing Klinghoffer).

First, a question is a "controlling question of law" where "reversal of the district court's order would terminate the action."  Klinghoffer, 921 F.2d at 24.  The defendants argue that the issue sought to be certified—whether the insurance policy at issue should be analyzed under New York law as opposed to New Jersey law—is controlling.  This issue indeed presents a controlling question in this case because if the Court of Appeals were to rule in Defendants' favor, and New York law indeed applies, the Defendants will have no duty to provide coverage under the Norbet policy.

2

Second, there must be substantial ground for difference of opinion on the issue for which certification is sought. Substantial ground for difference of opinion may arise where an issue is difficult and of first impression. E.g., Klinghoffer, 921 F.2d at 25; In re Del-Val Fin. Corp. Sec. Litig., 874 F. Supp. at 83. However, "the order appealed from must concern something more than a novel and interesting issue about which there may be substantial disagreement." In re Del-Val Fin. Corp. Sec. Litig., 874 F. Supp. at 83. Although I am confident of the ruling on these facts, I find that there is a substantial ground for difference of opinion of the interpretation of the decision in Worth Construction Co. v. Admiral Insurance Co., 836 N.Y.S.2d 155 (1st Dep't 2007), as it relates to the choice-of-law analysis in this case.

Finally, I find that immediate appeal will materially advance the ultimate termination of this litigation. If the Court of Appeals finds that I have misconstrued the applicable controlling question of law and that Defendants have no obligation to provide coverage under the Norbet policy, the issue of liability will have been resolved and no further litigation on that issue will be required. Plaintiffs would not be entitled to argue the extent of Defendants' liability, and the great deal of time and expense of discovery and a trial would be avoided.

Accordingly, defendants' motion for certification pursuant to § 1292(b) is hereby granted.

SO ORDERED.

Dated:   New York, New York
         January 25, 2013

_____
LORETTA A. PRESKA
Chief U.S. District Judge

4

**CMK CARROLLMCNULTYKULL** LLC
COUNSELLORS AT LAW

120 Mountain View Boulevard
Post Office Box 650
Basking Ridge, New Jersey 07920

908 848 6300 PHONE
908 848 6310 FAX

570 Lexington Avenue
8th Floor
New York, New York 10022

212 252 0004 PHONE
212 252 0444 FAX

January 2, 2013

**VIA FACSIMILE (212) 805-7941**
Honorable Loretta A. Preska, Chief U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: **Certain Underwriters at Lloyds of London v. Illinois Nat'l. Ins. Co. et al.**
**Civil Action No.: 09-cv-04418**

Dear Judge Preska:

This firm represents Defendant Continental Casualty Company ("Continental") in connection with this matter. Pursuant to Your Honor's Individual Practices, Continental submits this letter to request a pre-motion conference. In particular, Continental requests that it be permitted to file a Motion to Direct Entry of Judgment Pursuant to Rule 54(b) or, in the Alternative, for Certification of the March 3, 2011 and November 27, 2012 Orders for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and for a Stay of Remaining Claims Pending Appeal.

As this Court is aware, Plaintiff Certain Underwriters at Lloyds of London ("Lloyds") commenced this declaratory judgment action seeking a ruling that each of the defendant insurance companies had an obligation to provide coverage for the liability of DCM Erectors ("DCM"), Component Assembly Systems ("CAS"), Goldman Sachs, Battery Park City Authority and Tishman in connection with the personal injury claims of Robert Woo and Wilbert Rocco. The underlying claims arose from an accident occurring when metal studs fell from a crane at a construction site.

Each of the defendants moved for summary judgment on the issue of whether its respective insurance policy provided coverage for the Woo and Rocco claims. By Order and Opinion dated March 3, 2011, the Honorable Richard Holwell concluded that New York law applied to the policies issued by Hartford, Travelers and Arch but that New Jersey law applied to the primary trucking policy issued by Insurance Company of the State of Pennsylvania ("ICSOP") and the umbrella policy issued by Continental. ICSOP and Continental had asserted that New York law applied to their policies under the "center of gravity" test and cited to the Appellate Division's decision in a directly analogous case of Worth Construction Co. v. Admiral Insurance Co., 40 A.D. 423, 836 N.Y.S.2d 155 (1st Dep't 2007). In Worth, the court applied New York law to an additional insured coverage dispute arising from construction site accident occurring

**CMK CARROLLMCNULTYKULL** LLC
COUNSELLORS AT LAW

Honorable Loretta A. Preska
January 2, 2013
Page 2 of 3

in New York, despite the policy being issued to the named insured in New Jersey. Judge Holwell sought to distinguish Worth on the basis that the policy at issue there "contained a special endorsement insuring the company against liability incurred at the White Plains site where the loss at issue occurred." (Doc. 181 at 6.) As discussed below, this purported factual distinction was incorrect.

Pursuant to the Court's ruling, choice of law is an outcome-determinative issue. Under New York law, the Court concluded that Goldman Sachs, Tishman, DCM and CAS were *not* "using" a covered auto so as to trigger coverage under the policies and, in any event, that the mechanical device exclusion would preclude coverage. Conversely, under New Jersey law, the Court concluded that DCM (but not CAS, Tishman or Goldman Sachs) *was* "using" a covered auto so as to trigger coverage and that the mechanical device exclusion was unenforceable under the New Jersey compulsory motor vehicle statute. Accordingly, the Court concluded that Hartford, Travelers and Arch had no duty to provide coverage but that ICSOP and Continental did have such an obligation. The Court granted partial summary judgment to Lloyds with respect to the ICSOP and Continental policies issued to Norbet Trucking.

On March 17, 2011, Continental filed a Motion for Reconsideration of the Court's summary judgment ruling, which ICSOP joined. Judge Holwell heard oral argument on May 11, 2011, during which time Continental advised the Court that the Worth case did *not* involve a site-specific endorsement limiting coverage to New York. Judge Holwell requested supplemental submissions on the choice of law issue. That same day, Continental filed a copy of the insurance policy and briefing at issue in the Worth case reflecting the lack of a New York site-specific endorsement. On November 27, 2012, this Court entered an Order denying Continental's Motion for Reconsideration.

Continental now requests that it be permitted to file a motion to certify a final judgment with respect to Lloyds' claim for coverage under the Continental umbrella policy so as to allow for an immediate appeal of the coverage issue and the choice of law determination that underlies it. The Court has the discretion to direct entry of a partial final judgment that disposes of claims against fewer than all of the parties. See, e.g., Avondale Indus., Inc. v. Travelers Indem. Co., 123 F.R.D. 80, 82 (S.D.N.Y. 1988). Entry of a final judgment is appropriate where the claim is "separable from the claims that survive" and there is "no just reason for delay." Id.; FED. R. CIV. P. 54(b). In addition, a motion under Rule 54(b) should be granted where it serves the interests of "sound judicial administration and efficiency" and where failure to enter a judgment "would likely result in the unnecessary trial" of issues that may be mooted by an appellate ruling. See U.S. Fid. & Guar. Co. v. Frosty Bites, Inc., 350 F. Supp. 2d 508, 514 (S.D.N.Y. 2004).

Here, the interests of judicial efficiency would be served by entering a partial final judgment against Continental under the Norbet policy. There is no just reason for delay of an appeal of the coverage/choice of law issue. Although all of the defendants remain parties to the

**CMK CARROLLMCNULTYKULL** LLC
COUNSELLORS AT LAW

Honorable Loretta A. Preska
January 2, 2013
Page 3 of 3

lawsuit, the only issues left for determination under the current posture of the case involve Lloyds, ICSOP and Continental. In particular, there will need to be a determination of the extent of liability potentially covered under the ICSOP and Continental policies, which will require discovery and a trial, as well as the priority of coverage among the implicated carriers.

Since Lloyds settled the underlying claims under its project-specific "wrap-up" policy on behalf of Battery Park City Authority, Goldman Sachs, Tishman, DCM, CAS and two other entities involved in the project, but the Court concluded that only DCM was "using" an auto covered by the ICSOP and Continental policies, there must be an allocation of liability attributable to DCM. Continental can have no obligation to provide coverage for an entity that does not qualify as an insured under its policy. Since the issue of liability among the various parties was not resolved in the underlying lawsuits, Lloyds, ICSOP and Continental will have to litigate those issues by way of the current coverage action. This Court also will have to make a determination of the priority of coverage among the Lloyds, ICSOP and Continental policies.

Thus, if Continental is not permitted to appeal the coverage determination at this time, the parties will have to engage in costly discovery and a trial to determine the scope of coverage available under Continental policy, which would not be necessary in the event Continental is successful on appeal. This would be an inefficient use of judicial and litigant resources. By contrast, an immediate appeal from the summary judgment ruling "would require little new briefing and would be more cost-effective for all parties." See id. Continental and Lloyds both have submitted extensive briefing in connection with the summary judgment and reconsideration motions, which will form the basis of the appeal. The appellate issues are completely separable and distinct from those remaining to be litigated. To the extent the United States Court of Appeals for the Second Circuit reverses the Court's finding that a coverage obligation exists under the Continental policy, there will be no need to delve into issues of allocation of liability among Battery City Park Authority, Goldman Sachs, Tishman, DCM and CAS or the priority of insurance among Lloyds, ICSOP and Continental.

Accordingly, Continental respectfully requests that it be permitted to file a Motion to Direct Entry of Judgment Pursuant to Rule 54(b) or, in the Alternative, for Certification of this Court's March 3, 2011 and November 26, 2012 Orders for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and for a Stay of Remaining Claims Pending Appeal.

Respectfully submitted,

CARROLL, McNULTY & KULL LLC

Christopher R. Carroll

cc:   All Counsel (via e-mail)



# LIPSIUS –BENHAIM
# LAW, LLP

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 888.442.0284
www.lipsiuslaw.com

IRA S. LIPSIUS
Direct Line: 212.981.8442
Email: ilipsius@lipsiuslaw.com

January 8, 2013

**VIA FACSIMILE (212-805-7941)**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room
New York, NY 10007

> Re: **Certain Underwriters et al. v. Illinois National Insurance Co. et al.
> Southern District Docket No. 09 Civ 4418 (RJH)**

Dear Judge Preska:

Pursuant to Her Honor's Individual Rules of Practice, the Plaintiffs, Certain Underwriters at Lloyds of London, Aspen Insurance UK Ltd, and Arch Insurance Company (Europe) Ltd ("Underwriters"), through their attorneys, submit their response to defendant Continental Casualty Company's ("Continental") request for the a pre-trial conference to permit it to move to direct entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or for an order permitting an interlocutory appeal pursuant to 28 USC § 1292(b). It is respectfully submitted that Continental is not entitled to the relief requested.

**28 USC § 1292(b):**
The Supreme Court has stated that only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978). This court has addressed, on numerous occasions, the issue of interlocutory appeal pursuant to 28 USC § 1292(b). In *Stemcor UK LTD. v. Sesa Int'l LTD.*, 2009 U.S. Dist. LEXIS 63588, (S.D.N.Y.) this court addressed the standard to be applied in determining whether to permit an interlocutory appeal:

> Under Section 1292(b), a district court may certify an immediate appeal of an interlocutory order if the order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).... The Second Circuit has held that "use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from

the basic policy of postponing appellate review until after the entry of a final judgment." In addition, the party seeking an interlocutory appeal has the burden of showing the existence of the exceptional circumstances that justify immediate appeal.

Continental has failed to meet its burden. The issue between Underwriters and Continental (and the Insurance Co. of the State Of Pennsylvania[1] ("ICSOP")) is an issue as to the interpretation of two insurance policy contracts; the Continental policy and the ICSOP policy. Continental challenges the interpretation of the contract and the law applied to the interpretation of the contract. This court found that the policies may be interpreted differently under New York law than New Jersey law. Continental asserts that the controlling issue of law is the choice of law and its application to the policies. This court in its decision cited numerous decisions including the decisions of the Court of Appeals in *In re Allstate Ins. Co.*, 81 N.Y.2d 219, 223, 613 N.E.2d 936, 597 N.Y.S.2d 904 (1993), the Second Circuit in *Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 153 (2d Cir. 2003), as well as numerous other decisions in support of application of New Jersey law. Continental challenged the court's interpretation of one decision, *Worth Constr. Co. Inc. v. Admiral Ins. Co.*, 40 A.D.3d 423 (1st Dep't 2007), which was distinguished by this court and did not involve a motor vehicle policy, the type of policy at issue in this action and analyzed in *Allstate*. Continental cannot show there is any substantial ground for difference of opinion other than its difference of opinion with this court's interpretation of *Worth*, a decision that did not even address an automobile liability policy. In fact the principal applied by this court in a choice of law analysis, that, in grouping of contacts the jurisdiction with the most significant contacts is the location of the insured risk, here New Jersey, has been applied consistently subsequent to *Allstate* and subsequent to this court's decsion, see, *Matter of Liquidation of Midland Ins. Co.*, 16 N.Y.3d 536, 544 (2011); *FC Bruckner Assoc., L.P. v Fireman's Fund Ins. Co.*, 95 A.D.3d 556 (1st Dep't 2012); *Tudor Ins. Co. v. First Advantage Litig. Consulting, LLC*, 2012 U.S. Dist. LEXIS 120178 (S.D.N.Y.); *Avrio Group Surveillance Solutions, Inc. v. Essex Ins. Co.*, 790 F. Supp. 2d 89 (W.D.N.Y. 2011); *Feldman Law Group P.C. v. Liberty Mut. Ins. Co.*, 819 F. Supp. 2d 247, 256 (S.D.N.Y. 2011). There is no controlling issue of law. Even if there was a controlling issue, there is no substantial ground for difference of opinion.

Even if Continental had met the first two of the *Stemcor* three prong test, Continental fails to meet the third prong. As this court noted in *Stemcor*, "the party seeking an interlocutory appeal has the burden of showing the existence of the exceptional circumstances." If the matter involves an interpretation of a contract, or involves a unique set of facts then the exceptional circumstances are not met. *Aryai v. Forfeiture Support Assocs.*, LLC, 2012 U.S. Dist. LEXIS 125227, (S.D.N.Y.). *In re M/V Rickmers Genoa Litig.*, 2011 U.S. Dist. LEXIS 154420, 9-11 (S.D.N.Y.). Here, the legal issues involve an interpretation of a contract and involve the unique factual questions of this case; the application of a policy of insurance to a vehicle registered in New Jersey owned by a company domiciled in New Jersey insured under a New Jersey policy of insurance with the accident taking placing in New York. Continental has failed to meet the burden of showing exceptional circumstances.

### **Rule 54(b):**
Continental, as an alternate remedy to interlocutory appeal, would like to move for a final judgment as to part of Underwriters claim. Rule 54(b) provides:

---

[1] ICSOP has not requested similar relief, grounds alone to deny Continental the relief sought.

*[handwritten annotation: ICSOP → they did submit a "me too" letter.]*

> When an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

This court has already ruled that the Continental and ICSOP policies provide coverage for the accident. Underwriters have asserted their policy, as well, provides coverage. What remains in this action is the allocation between the three policies of insurance. It is Underwriters' position that there are no factual issues which must be decided to determine the allocation between policies. It appears that Continental believes that there is a need for a hearing to allocate liability. In any event this court cannot direct judgment as to Underwriters' claim as the amount is yet to be determined. It was held in *Cinerama, Inc. v. Sweet Music, S. A.*, 482 F.2d 66, 69 (2d Cir. 1973) that there cannot be a final judgment pursuant to Rule 54(b) where the court "had not yet fixed the damages sought by the prevailing ones, even though the computation would now seem to be comparatively simple, if not ministerial in nature." Accord, *City of New York v. Milhelm Attea & Bros.*, 2012 U.S. Dist. LEXIS 149512 (E.D.N.Y.). Here there is far more than a ministerial calculation. The court must analyze the terms of the three policies (see Underwriters' pre-motion letter dated January 7, 2013). Continental has even asserted that a full trial is needed prior to the entry of judgment in sum certain.

Even if the entry of a final judgment in the absence of a sum certain was permissible, Rule 54(b) is not applicable as Continental cannot meet the burdens imposed by Rule 54. Like 28 USC § 1292, judgment under Rule 54(b) is an exceptional remedy to be used sparingly. The Second Circuit frowns upon such judgments. As the court noted in *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. N.Y. 2011), "[t]he policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly.'" Further, the Second Circuit has held that the power "should be used only in the infrequent harsh case" where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *L.B. Foster Co. v. America Piles, Inc.*, 138 F.3d 81, 86 (2d Cir. N.Y. 1998). Continental cannot show any hardship or danger in not permitting this, matter to go final judgment and cannot bear the burden necessary for the granting of the motion.

Finally, "it is incumbent upon a party seeking immediate relief in the form of a Rule 54(b) judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment." *Novick*. In the instant matter the claims of ICSOP, which has not requested judgment under 54(b), or the right to interlocutory appeal, potentially will be in front of the court of appeals causing two panels to hear, and familiarize themselves with the same issues, grounds alone to deny Continental's motion. *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

For the reason stated herein, it is respectfully submitted that Continental's motion, if made, should be denied.

Respectfully submitted,

LIPSIUS-BENHAIM LAW, LLP

Ira S. Lipsius

cc: **VIA FACSIMILE**

| | |
|---|---|
| Anthony J. Zarillo, Jr., Esq. | 908-753-8301 |
| Christopher R. Carroll, Esq. | 212-252-0444 |
| Nicholas P. Calabria, Esq. | 516-931-2641 |
| Andrew M. Premisler, Esq. | 212-888-0919 |
| Richard P. Byrne, Esq. | 516-294-8202 |
| John P. DeFilippis, Esq. | 212-805-3939 |
| Dominic M. Pisani, Esq. | 516-294-8202 |