UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, ISSUING POLICY NOS. 509/DL458805 AND 509/DL460005, et al.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>ILLINOIS NATIONAL INSURANCE CO., et al.,<br><br>       Defendants. | Civil Action No. 09-cv-4418(LAP) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF UNDERWRITERS' MOTION FOR SUMMARY JUDGMENT AGAINST
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**

**LIPSIUS-BENHAIM LAW, LLP**
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Fax: 888-442-0284
*Attorneys for Plaintiffs*

Of Counsel:
Ira S. Lipsius
Alexander J. Sperber

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………………… 1

   A. UNDERWRITERS ARE ENTITLED TO COMPENSATION FOR ALL
       OF THE UNDERLYING DEFENSE COSTS …………………………………….. 1

   B. IF THE COURT REACHES THE ISSUE, IT IS LAW OF THE CASE THAT
       DCM, CAS, TISHMAN, AND GOLDMAN ARE ALL ICSOP INSUREDS….. 3

   C. RATE OF INTEREST AND CHOICE OF LAW ……………………………….. 4

CONCLUSION …………………………………………………………………………… 5

## **TABLE OF AUTHORITIES**

Cases

*Ancile Inv. Co. v. Archer Daniels Midland Co.*,
    992 F. Supp. 2d 316 (S.D.N.Y. 2014) ……..…………………………………….. 4

*Benevenga v. Diregorio*,
    325 N.J. Super. 27 (App. Div. 1999) …………………………………………… 5

*Caruolo v. John Crane, Inc.*,
    226 F.3d 46, 59 (2d Cir. 2000)…………………………………………………….. 4

*Entron v. Affiliated FM Ins.*,
    749 F.2d 127 (2d Cir. 1984)……………………………………………………. 4

*Gleason v. Norwest Mortg. Inc.*,
    253 Fed. Appx. 198 (3d Cir. 2007) ………………………………………………….. 5

*Hebela v. Healthcare Insurance Co.*,
    370 N.J. Super. 260 (App. Div. 2004)…………………………………………….. 4

*Kennedy v. Jefferson Smurfit Co.*,
    147 N.J. 394 (N.J. 1997)……………………………………………………………3

*Memorial Properties, LLC v. Zurich American Ins. Co.*,
    210 N.J. 512 (N.J. 2012)……………………………………………………………3

*Patch v. Stanley Works,*
    448 F.2d 483 (2d Cir. 1971) ……………………………………………………. 4

*Rova Farms Resort, Inc. v. Invertors Ins. Co.*,
    65 N.J. 474 (1974) …………………………………………………………………5

*Schultz v. Boy Scouts of Am.*,
    65 N.Y.2d 189 (1985) …………………………………………………………….. 4

*Voorhees v. Preferred Mut. Ins. Co.*,
    128 N.J. 165 (N.J. 1992)……………………………………………………………3

**PRELIMINARY STATEMENT**

Both Underwriters and ICSOP sought leave to file cross-motions for summary judgment on grounds set forth in letters to this Court. It is submitted that with this third round of briefing, the Court has the positions of the parties clearly set out. There are no factual issues which should impede the Court from granting judgment either on the choice of law, as it applies to pre-judgment interest and attorney fees, or on the issue of Underwriters' entitlement to defense costs. There is no need for allocation of defense costs, as the underlying Woo and Rocco complaints allege a covered loss against all defendants. Further, even if the complaints did not so allege, ICSOP has not met its burden of apportionment (*see* Underwriters' MOL[1] at p. 5). It has failed to raise any argument that the even one cent extra was spent to defend any additional defendants beyond DCM, CAS, Tishman and Goldman Sachs, or even just beyond DCM.

There are also no factual issues impeding the determination of an appropriate rate of interest. If New York law applies, the calculation is simple: nine percent. If New Jersey law applies, ICSOP has not challenged the publicly available rate on return on equity—a rate which would compensate Underwriters for their loss. ICSOP's Rule 56.1 response that "ICSOP is entitled to additional discovery" regarding this publicly reported financial information does not suffice to challenge the assertion. *See* Local Rule 56.1(d) (requiring citation to admissible evidence in opposition).

The only factual determination necessary, as ICSOP has correctly pointed out, is the calculation of the dollar amount of interest based upon payment date.

D. **UNDERWRITERS ARE ENTITLED TO COMPENSATION FOR ALL OF THE UNDERLYING DEFENSE COSTS**

The law in New Jersey, as in most other jurisdictions, is that an insurer has a duty to

---

[1] In this document, Underwriters' brief in support (ECF 337) is called "Underwriters' MOL," and their brief in opposition to ICSOP's motion (ECF 342) is called "Underwriters' Opp. MOL."

1

defend whenever the complaint asserts a claim covered by the policy. This is true "[e]ven if the allegations, tested in discovery and at trial, turn out to be 'groundless, false or fraudulent.'" *Memorial Properties, LLC v. Zurich American Ins. Co.*, 210 N.J. 512, 529 (N.J. 2012). In *Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 173-174 (N.J. 1992), it was held that the duty to defend is determined by comparing the policy with the complaint: "When the two correspond, the duty to defend arises." If there is ambiguity in the complaint, all doubts are resolved in favor of a defense being provided. "When multiple alternative causes of action are stated, the duty to defend will continue until every covered claim is eliminated." *Id.* Further, poorly stated or developed allegations are not of consequence—the insurer must defend.

ICSOP may claim that the complaints are poorly drafted and paint liability with a broad brush. The *Voorhees* court, recognizing this issue, stated that the "duty to defend, however, is determined by whether a covered claim is made, not by how well it is made. . . as [plaintiff] does not write the complaint to apprise the defendant's insurer of potential coverage; fundamentally, a complaint need only apprise the opposing party of disputed claims and issues." *Id.* at 174. Applying these principals to the instant matter, both Woo and Rocco alleged in their complaints that **all seven** of the defendants were negligent:

> …in failing to inspect and/or do routine inspections of the sling ... in providing and using a weak and worn sling … in using and [sic] old, damaged, worn and/or frayed sling … in failing to properly supervise the crane operator(s) hoisting the sling in the use of the crane… in failing to properly, adequately and safely use, rig, load, inspect, maintain, repair and remove the sling … in negligently and carelessly loading the sling . . . .

(Sperber Decl. at Ex. B Para. 59; Ex. A Para. 58.)  Therefore, ICSOP was required to defend all seven defendants. Not only did Woo and Rocco allege that all seven defendants were negligent in using the crane and in "loading," but also that all seven defendants were negligent in their selection of the sling. *See Kennedy v. Jefferson Smurfit Co.*, 147 N.J. 394, 401 (N.J. 1997)

2

(selection of shipping pallet "integral to the loading process"; auto policy provided coverage).

Therefore, this Court need not address the law of the case issue as the policy, by its terms, required ICSOP to defend the alleged liability of all seven defendants. Further, even if allocation was necessary among parties, the burden would fall upon ICSOP. *Hebela v. Healthcare Insurance Co.*, 370 N.J. Super. 260 (App. Div. 2004); Underwriters' MOL at p. 5. In its Rule 56 statements and counterstatements, and in its briefing, ICSOP has not met its burden of showing any additional defense costs were expended on alleged non-insured entities or that Underwriters' defense costs were unnecessary. In addition, Underwriters have fully addressed ICSOP's argument that it is exempted from attorneys' fees as it **owed** the $1,000,000 to Underwriters as far back as 2009. That argument has no support in law and is against the explicit terms of the ICSOP policy, which mandates payment of defense until ICSOP exhausts its limit by payment or tender—an event that is yet to happen. *See* Underwriters' Opp. MOL at p. 3.

As such, ICSOP must reimburse Underwriters for all of the underlying defense costs.

### E. **IF THE COURT REACHES THE ISSUE, IT IS LAW OF THE CASE THAT DCM, CAS, TISHMAN, AND GOLDMAN ARE ALL ICSOP INSUREDS**

As explained in Underwriters' MOL, it is law of the case that DCM, CAS, Tishman, and Goldman are all ICSOP insureds. Although ICSOP now challenges this, it has admitted that this is the law of the case. (*See* ECF 185 at p. 21; ECF 91 at p. 191; *see also* ICSOP's argument on appeal that this Court incorrectly found DCM, CAS, Goldman, and Tishman to be insureds (*see* Index No. 13-1646 at ECF 61, p. 25-28 ("DCM, CAS, Goldman Sachs and Tishman are Not Insureds Under the ICSOP Policy.")).) This very issue was briefed before the Court. (*See* ECF 127 at p. 14-15; ECF 141 at p. 13-14.) ICSOP's citations to other parts of the Court's decision, dealing with a Travelers policy, are inapposite as that was interpreted under New York law.

Finally, Underwriters' Second Amended complaint does not contain any sort of

'admission' that CAS, Goldman, and Tishman's insured status remains undecided. The complaint merely lays out the underlying dispute behind this action.

As such, ICSOP must reimburse Underwriters for the defense costs for all seven entities.

### C.     RATE OF INTEREST AND CHOICE OF LAW

Underwriters are entitled to prejudgment interest as a matter of law. The issue before this Court is what state's law applies and, if New Jersey law applies, the proper rate of interest. Once that is determined, the parties should meet and confer to determine the actual calculation.

ICSOP argues that the same law used by this Court and the Second Circuit to interpret the ICSOP policy, should also govern prejudgment interest. In so doing, ICSOP inappropriately and unprofessionally labels Underwriter's choice of law analysis as "reprehensible," while itself professing application of New Jersey law to determine interest and New York law to determine attorneys' fees. (On the issue of attorneys' fees, Underwriters' MOL at p. 15 and *Ancile Inv. Co. v. Archer Daniels Midland Co.*, 992 F. Supp. 2d 316, 319 (S.D.N.Y. 2014).)

ICSOP claims that the issue of "interest is controlled by the law that was applied to the policy" while Continental, citing *Patch v. Stanley Works,* 448 F.2d 483 (2d Cir. 1971), asserts that there is a "consistent line of decisions holding . . . pre-judgment interest is controlled by the rule of the jurisdiction whose law determines liability." Both ICSOP and Continental are living in a different century. As the Second Circuit noted in *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 59 (2d Cir. 2000), decided at the turn of the 21st century, the old law as espoused in *Entron v. Affiliated FM Ins.*, 749 F.2d 127 (2d Cir. 1984), was changed by the New York Court of Appeals in *Schultz v. Boy Scouts of Am.*, 65 N.Y.2d 189 (1985), and now "[p]rejudgment interest, like other damages issues, is an aspect of loss-allocation," which has its own choice of law rules.

As Your Honor has recognized, a loss allocation choice of law analysis must be

4

performed.  ICSOP does not challenge that, under the loss allocation analysis, New York law applies.  It only steadfastly asserts that the law applied to the contract interpretation must apply to govern the right of prejudgment interest. It is respectfully submitted that ICSOP has missed the point.  Interest, whether it be an issue in a tort case or a contract case, or any other case, is a loss allocation issue.  Therefore, if the Court agrees that the choice of law issue relating to interest is a loss allocation issue, it is uncontested by ICSOP that New York's 9% rate applies.

If this Court determines that New Jersey law applies, the rate is still a legal, not factual, question.  The Court is respectfully referred to Underwriters' prior memoranda of law, wherein a full analysis is set forth. It must be noted that ICSOP has not challenged in its Rule 56 counter-statement Underwriters' asserted rate on their return on equity, nor the rate of return on equity that its own parent has realized.  ICSOP's reliance on *Benevenga v. Diregorio*, 325 N.J. Super. 27 (App. Div. 1999), is misplaced, as the court rejected the proposed rate because it was the defendant's, not plaintiff's, rate of return.  Here, the only way to provide **compensatory** interest to Underwriters would be payment at the rate of return realized by plaintiffs—a rate which is of public record and unchallenged by ICSOP.  *See Rova Farms Resort, Inc. v. Invertors Ins. Co.*, 65 N.J. 474 (1974) and *Gleason v. Norwest Mortg. Inc.*, 253 Fed. Appx. 198 (3d Cir. 2007), which clearly indicate a plaintiff's entitlement to compensatory interest.  Application of any other rate, under New Jersey law, would not make Underwriters whole.  ICSOP cannot claim the rate is confiscatory or unconscionable, as it has realized an even higher rate.  In effect, it is still being rewarded for refusing to pay, and has been continuing to refuse to pay for almost seven years.

## CONCLUSION

For all of the above-mentioned reasons, Underwriters respectfully request that the Court grant their motion for summary judgment against ICSOP.

Dated: Kew Gardens, New York
January 21, 2016

                                            LIPSIUS-BENHAIM LAW, LLP
                                            *Attorneys for Plaintiffs*

By: _____

                                            Ira S. Lipsius
                                            Alexander J. Sperber
                                            80-02 Kew Gardens Road, Suite 1030
                                            Kew Gardens, New York, 11415
                                            212-981-8440